■ LANDA, PICARD & WEINSTEIN, Respondent, v IRIS A. SHEFTEL, Appellant. — In an action by a law firm to recover legal fees and disbursements, defendant appeals from a judgment of the Supreme Court, Nassau County (Becker, J.), entered October 17, 1983, which, upon granting plaintiff's motion, *inter alia,* for summary judgment, is in favor of plaintiff and against her in the principal sum of $16,470.75. ¶ Judgment reversed, on the law, without costs or disbursements, motion granted to the extent of dismissing the affirmative defenses set forth in defendant's answer and awarding plaintiff partial summary judgment on the issue of liability, and matter remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith. ¶ Plaintiff law firm was retained by defendant to represent her in a matrimonial action commenced against her by her husband. By letter agreement dated January 1, 1982, defendant agreed to pay plaintiff a stated hourly rate and to reimburse plaintiff for disbursements incurred on defendant's behalf. In the instant action, plaintiff now seeks to recover legal fees for the services rendered to defendant and for the disbursements incurred on her behalf. In her answer to the complaint, defendant set forth two affirmative defenses, namely, (1) that "the reasonable value of [the] services rendered to the defendant" had been fixed by the trial court's award of counsel fees in the matrimonial action, and (2) that Special Term lacked subject matter jurisdiction. ¶ After issue was joined, plaintiff moved for an order dismissing the affirmative defenses, granting summary judgment to plaintiff and directing a trial with respect to the issue of damages. In opposing plaintiff's application, defendant submitted an affidavit by her attorney, in which he stated, in pertinent part, as follows: "If your deponent understands plaintiffs' [*sic*] motion correctly, they [*sic*] do not seek summary judgment as to the reasonable value of their [*sic*] services rendered, but do seek summary judgment as to the issues of whether they [*sic*] rendered service to the defendant, and seek a trial of the issue of the reasonable value of such services. If this is the thrust of plaintiffs' [*sic*] motion, your deponent has no objection to such relief, and readily concedes that there were services rendered by the plaintiffs [*sic*] to the defendant". ¶ Special Term, in addition to dismissing the affirmative defenses, directed the entry of a money judgment in favor of plaintiff in the principal amount of $16,470.75. ¶ We find that Special Term properly concluded that the two affirmative defenses were without merit. However, Special Term erred in awarding plaintiff a money judgment without a trial on the issue of damages. By granting plaintiff relief beyond that which plaintiff asked for in its moving papers, Special Term prevented defendant from interposing any meaningful opposition on the question of the amount and/or the extent of damages. Accordingly, the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the counsel fee to be awarded. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.

■ EDMUND J. MCGRATH, Appellant, v STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. — Order of the Supreme Court, Suffolk County (Vitale, J.), dated December 30, 1983, affirmed, without costs or disbursements. ¶ After reviewing the petitioner's contentions and upon our examination of the entire record, including the material submitted by respondent to Special Term for its *in camera* inspection, we affirm. Lazer, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.