■ JANET L. DUPREY, as Clinton County Treasurer, Administratrix of the Estate of BRIANNA L. PRAY, Deceased, and Guardian ad Litem of HILLARY PRAY, an Infant, Plaintiff, v EDWARD C. DRAKE et al., Defendants. (Action No. 1.) LYNN C. PRAY, by PATRICIA McLEAN, Her Conservator, Plaintiff, v EDWARD C. DRAKE et al., Defendants. (Action No. 2.) LYNN C. PRAY, by PATRICIA McLEAN, Her Conservator, et al., Appellants, v BRODERICK MOTORS, INC., Respondent. (Action No. 3.) VIOLA M. PRAY, as Conservator of BRIAN C. PRAY, Plaintiff, v EDWARD C. DRAKE et al., Defendants. (Action No. 4.) VIOLA M. PRAY, as Conservator of BRIAN C. PRAY, Appellant, v BRODERICK MOTORS, INC., Respondent. (Action No. 5.) Yesawich Jr., J. —Appeal from an order of the Supreme Court (Plumadore, J.), entered August 6, 1991 in Clinton County, which granted a motion by defendant Broderick Motors, Inc. for summary judgment dismissing the complaints in action Nos. 3 and 5.

A collision, which occurred June 19, 1985 in Clinton County between a car-hauler truck owned by Ernest Drake and driven by his son Edward and an automobile operated by Brian C. Pray, resulted in multiple injuries and an infant passenger's death. Five lawsuits were commenced. At issue here are action Nos. 3 and 5, brought by and on behalf of Pray, his spouse and their two children against defendant Broderick Motors, Inc. (hereinafter defendant) for its alleged negligence in repairing the brakes on the Drake truck. After answering, defendant moved for summary judgment dismissing the complaints against it and the Drakes stipulated cross claims seeking contribution. The only answering affidavit which re-

quires consideration is that tendered by plaintiffs' expert, an automotive engineer, who expressed a negative opinion regarding the adequacy of the truck's braking performance. Finding the expert's opinion "pure 11th hour speculation", Supreme Court granted defendant summary judgment dismissing the complaints and cross claims. Plaintiffs appeal. We affirm.

Having offered deposition testimony of a cross-claiming defendant (in action Nos. 1, 2 and 4), Edward Drake, who operated the truck throughout the day of the accident and during the week before and who stated the brakes worked "beautifully", and the testimony of the mechanics who had worked on and road-tested the truck that the brakes worked well when the truck left defendant's possession, defendant made a prima facie showing of entitlement to summary judgment. The burden thereupon shifted to plaintiffs to make an evidentiary showing to raise a triable issue of fact (see, Zuckerman v City of New York, 49 NY2d 557, 562; Garcia v Mondragon, 159 AD2d 481, 482; cf., Van Patten v U.S. Truck Body Co., 176 AD2d 1095). This is so even though none of the plaintiffs have any memory of the accident (see, Smith v Stark, 67 NY2d 693, 695).

The narrow question before us is whether the affidavit of plaintiffs' expert, who lacks personal knowledge of the facts of the accident, provides prima facie evidence of defendant's negligence. Defendant challenges the adequacy of the expert opinion because it relies in part on information not in the record, namely a memorandum from an investigating service, made available to the expert by plaintiffs' counsel.

However, even were we to find that the expert opinion had a proper foundation in the record, it would still be insufficient for, although it does raise a question respecting whether the truck's braking performance was below the minimum requirements, no evidence other than deposition testimony that defendant's employees worked on the truck's brakes some three weeks before the accident has been offered to support a finding that the alleged brake failure was due to defendant's negligence. The expert's conclusion that defendant fixed the brakes, which Ernest Drake described as applying "too fast" before the repair, by introducing slack in the braking mechanism has no basis in the record and is conjecture, pure and simple. Conjecture is insufficient to withstand summary judgment (see, Gardner v Ethier, 173 AD2d 1002, 1003-1004; Price v Hampson, 142 AD2d 974, 975-976).

Mercure, Crew III and Casey, JJ., concur.

Mikoll, J. P. (dissenting). I respectfully dissent. In my view the order granting summary judgment dismissing the complaints should be reversed and the motion for summary judgment denied. Contrary to the view of the majority, I find the affidavit of plaintiffs' expert witness sufficient to raise an issue of fact as to whether the repair work performed by defendant Broderick Motors, Inc. (hereinafter defendant) before the accident was improper and a cause of the accident. The expert opined that the brake failure which occurred three weeks after the brakes were subject to repair by defendant was the result of unsatisfactory and unsafe repair and that "[i]n all probability, the unsatisfactory and unsafe repair was that the wheel brake mechanisms had been given or left with a significant amount of slack". The expert provided the basis for this conclusion and for his conclusion that the brakes could not have been functioning normally or in accordance with minimum safety requirements. The conclusions of this expert witness are supported by the record and are not the result of mere conjecture and surmise.

Plaintiffs' expert based the opinions and observations he made on photographs of the scene taken after the accident depicting skid marks from only the left rear set of wheels of the truck and other physical characteristics, measurements made at the scene, police and motor vehicle accident reports, examinations before trial and a memo from Howard Investigating Service. The latter was not included in the record. However, it does not appear that plaintiffs' expert relied to any significant degree on the Howard investigative report for his conclusions. He made reference to it as to measurements of the distance and path the auto traveled after impact. The expert noted that the path the car traveled could be seen on a photograph. The investigative report has not been shown to be of sufficient consequence as to invalidate the expert's opinion. Moreover, the issue can be adequately handled by the production of the author of the report for cross-examination at trial *(see, Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 725-726).

Ordered that the order is affirmed, without costs.