■ In the Matter of BIBI BAC, Appellant, v STATE OF NEW YORK OFFICE OF MENTAL HEALTH et al., Respondents. [609 NYS2d 648] —In a CPLR article 78 proceeding to compel the respondents to restore the petitioner to her position as Direc-

tor of Labor Relations at Kingsboro Psychiatric Center and to recompute her seniority in accordance with Civil Service Law § 80 (3), the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Vinik, J.), dated February 20, 1992, which upon reargument, denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The petitioner was appointed to a permanent civil service position with the State of New York, on or about July 9, 1970. She resigned in July 1981 and returned to State service nearly three years later. In accordance with Civil Service Law § 80 (2), the petitioner's seniority was calculated from July 9, 1984, the date she returned to service, rather than from July 9, 1970, the date of her original appointment. Civil Service Law § 80 (2) credits an employee with continuous service for seniority purposes only if the employee returns to service within one year of resignation.

Civil Service Law § 80 was amended in 1985 to add a subdivision (3), effective October 17, 1985, which provides: "Interrupted service. A state employee who has resigned and who has been reinstated or reappointed in the service more than one year thereafter shall be credited with any previous state service rendered prior to his or her resignation to which he or she would have been entitled for the purposes of this section but for such resignation; provided, however, that any time out of the service exceeding three years shall be subtracted from the employee's previous state service. In such instances, continuous service shall be deemed to have begun on the date which precedes the otherwise applicable date for the commencement of continuous service by the period of actual creditable service provided by this subdivision." Pursuant to the amended statute, an employee retains full seniority credit if he or she returns to service within three years of resignation.

By letter dated January 30, 1991, the petitioner was notified that, due to fiscal problems, her employment would be terminated effective February 20, 1991. She accepted a "vertical displacement" in lieu of termination. The petitioner then commenced this proceeding seeking, *inter alia,* reinstatement to her former position with back pay, claiming that her removal from that position was contrary to Civil Service Law § 80 (3) which should be applied retroactively. In her petition, she alleged that she was "bumped" from her position by a person with less seniority which would not have occurred if

she had been credited with service from July 9, 1970, in accordance with Civil Service Law § 80 (3).

We agree with the Supreme Court that Civil Service Law § 80 (3) is only to be applied prospectively. Because the petitioner resigned from and returned to service prior to the effective date of the amendment, her seniority date is not affected by the amendment.

"Statutes are generally presumed to operate prospectively" (McKinney's Cons Laws of NY, Book 1, Statutes § 51 [c]). An amendment to a statute is also to be applied prospectively unless the language of the statute or the legislative intent clearly indicates otherwise (see, McKinney's Cons Laws of NY, Book 1, Statutes § 52). An exception to this general rule exists where a statute or amendment is remedial in nature (see, McKinney's Cons Laws of NY, Book 1, Statutes §§ 52, 54 [a]).

Civil Service Law § 80 (3) does not specifically provide that it is to be applied retroactively, nor is there any clear legislative intent that the amendment is to be given retroactive effect. The amendment, although enacted to redress inequitable situations where an employee had a relatively brief break in service after many years of employment, is not strictly remedial in nature. Furthermore, the Civil Service Commission is the agency charged with administration of the statute and its decision that the amendment only applies prospectively should be accorded great weight (see, *Matter of Holy Spirit Assn. for Unification of World Christianity v Rosenfeld*, 91 AD2d 190).

We have examined the petitioner's remaining contentions and find them to be without merit. Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.