■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEJAI LAKHAM, Appellant. [647 NYS2d 465] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered on or about November 18, 1994, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Nardelli, JJ.

■ PAUL NURIK, Respondent, v RONALD N. OLLSTEIN, Appellant. [647 NYS2d 464] —Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about June 26, 1996, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion court properly considered the revised expert affidavit submitted by plaintiff after the return date of the motion upon the court's own suggestion and with little resulting delay. In any event, the "reorganized" affidavit and report contained virtually the same findings and conclusions as the original. A doctor need not specifically couch his statement in terms of " 'a reasonable degree of medical certainty' " in order for it to "convey[ ] equivalent assurance that it [is] not based on either supposition or speculation" (*Matott v Ward*, 48 NY2d 455, 463). On the merits, we agree with the motion court that issues of fact exist as to whether defendant should have made the incision lower on plaintiff's abdomen and whether the failure to do so necessitated the corrective surgery that plaintiff underwent. For present purposes, the opinion of plaintiff's expert to that effect should not be deemed unreliable for his having relied primarily on photographs of plaintiff taken after the initial and before the corrective surgery, rather than on any medical records. Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Nardelli, JJ.