OPINION OF THE COURT
Martin G. Karopkin, J.
The defendants request an order dismissing the plaintiff’s complaint for improper service and on the ground that the plaintiff’s action is barred by the applicable Statute of Limitations.
The plaintiff, Chemical Financial Services Corp. (Chemical), commenced this action to recover the balance due on a promissory note and retail installment contract and security agreement executed by the defendants on or about June 2, 1987. The defendants had borrowed the sum of $24,000 and had agreed to repay the loan over a period of 120 months (10 years) in installments of $322.56 per month. Monthly payments were made until November 1990, when they were stopped, leaving an outstanding balance of $20,728.55. On the eve of trial, the defendants moved to dismiss this action pursuant to CPLR 3211 (e) asserting a lack of jurisdiction for failure to effect proper service of process. A traverse hearing was conducted, at the conclusion of which the court held that defendant Kenneth Zagaro was properly served, but decision was reserved with respect to defendant Helaine Zagaro.
*747 A trial without a jury was conducted immediately after the traverse hearing. There was one witness at the trial, a representative of Chemical who placed the loan instrument and repayment records into evidence. There were no contested issues of fact and the only defense raised by the defendants was the Statute of Limitations. At the end of the trial, the court requested that the parties prepare memoranda of law discussing the two legal issues: (1) the propriety of the service of process upon Helaine Zagaro, and (2) the Statute of Limitations.
The parties agree that the applicable Statute of Limitations is governed by CPLR 213 (4) which provides a six-year period in which to commence an action based upon a note. At issue is the date upon which the Statute of Limitations began to run. The defendants allege that this action, commenced in February 1994, is untimely because the Statute of Limitations began to run on or about September 22, 1987, when a late payment was made. The defendants rely on the default clause in the retail installment contract and security agreement which states: "You can require that I pay the entire balance due under this contract at once without prior notice or demand if: 1. I do not pay a payment on time.”
Chemical contends, and it is undisputed, that the defendants made later payments until in or about November 1990. Chemical maintains that these part payments act to revive the debt. "In order that a part payment shall have the effect of tolling a time-limitation period, under the statute or pursuant to contract, it must be shown that there was a payment of a portion of an admitted debt, made and accepted as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder” (Morris Demolition Co. v Board of Educ., 40 NY2d 516, 521).
The circumstances surrounding this payment clearly indicate an acknowledgment of a debt from which one can infer a promise to pay the remaining balance. Here, the defendants made monthly payments continuously for over three years until in or about November 1990 and were clearly aware that additional payments were required to pay off the balance of the promissory note. As a result of these continuous payments, a promise may be inferred that the defendants would pay the balance of the loan.
Consequently, the court finds that the part payment made in or about November 1990 tolled the Statute of Limitations so that it did not begin to run until that date. Since this action *748 was commenced in August 1994, well within six years thereof, this matter was timely commenced.
In resolving the service of process issue, the court must first consider the impact of CPLR 3211 (e), as amended, and whether the defendant has waived his right to raise the defense.
CPLR 3211 (e), as amended, states in relevant part: "[A]n objection that the summons and complaint, summons with notice, or notice of petition and petition was not properly served, is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship.”
The amendment became effective on January 1, 1997; however, the Legislature did not indicate if it intended for this change to apply retroactively to defenses of improper service of process contained in answers served before January 1, 1997. "Whether a statute is to be applied prospectively or retroactively generally requires determination of legislative intent (see, Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443, 453; McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [b], [d]). When a statute creates a new right of action, it is presumed that the Legislature intended the statute to be applied prospectively only unless a contrary intent clearly appears (see, Jacobus v Colgate, 217 NY 235, 240-242). On the other hand, statutes that are remedial in nature may be applied retrospectively (see, Becker v Huss Co., 43 NY2d 527, 540)” (Matter of Duell v Condon, 84 NY2d 773, 783).
The amendment of a statute which changes the statute only with respect to establishing a time limitation is remedial in nature (McKinney’s Cons Laws of NY, Book 1, Statutes § 55) and, therefore, CPLR 3211 (e) applies to actions pending on January 1, 1997. In the instant case, the defendants initially raised the issue of service in their answer served on October 5, 1994, well in excess of 60 days prior to moving for judgment on this issue on February 26, 1997. However, to allow litigants an opportunity to conform their conduct accordingly, the statute cannot commence the running of the newly enacted time limitation to a period of time prior to its effective date. Consequently, defendants who served answers containing improper service of process defenses prior to January 1, 1997, had up until March 3, 1997 (60 days after the amended statute became effective) to move for dismissal of their actions on that ground (Fryburg, The Process of Personal Service of Process, NYLJ, Dec. 18, 1996, at 1, col 1). Thus, this court finds that *749 this motion, having been made on February 26, 1997, is not barred by the newly amended CPLR 3211 (e).
The court will now address the question of the service upon Helaine Zagaro. At the traverse hearing, she testified that she is married to Kenneth Zagaro but that they have been separated since approximately 1988 and have maintained separate residences ever since. The process server testified that he served Helaine Zagaro by handing a copy of the summons and complaint to Kenneth Zagaro on August 29, 1994 at 5621 Avenue N, Brooklyn, New York, and then later mailed a copy of the summons and complaint to Helaine Zagaro at the same address. Mrs. Zagaro submitted a 1099 form indicating that she resided at 62-23 23rd Avenue, Brooklyn, New York, in 1994. No proof was offered by the plaintiff to counter Mrs. Zagaro’s testimony and the other evidence offered to demonstrate that she never resided at 5621 Avenue N. Since said address was not her "dwelling place or usual place of abode” or "her last known residence”, service was not properly effected upon her pursuant to CPLR 308 (2) (Esposito v Billings, 103 AD2d 956; Prochillo v Acker, 108 AD2d 800, 802-803).
Accordingly, the court finds that it lacks personal jurisdiction over Mrs. Zagaro (Prochillo v Acker, supra, at 800) and the complaint herein is therefore dismissed with respect to her.
Turning now to the substantive issue in this case, the court finds that the clear and uncontroverted evidence presented at the trial establishes that the defendants are in default in payment of the promissory note and that the plaintiff is entitled to a judgment for the balance due of $20,728.55 plus interest.