[666 NYS2d 760]

Bruce Auger, Respondent, v State of New York, Appellant. (And Another Related Claim.)

Third Department, December 18, 1997

APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany *(Michael S. Bus-kus* and *Peter H. Schiff* of counsel), for appellant.

*Goldstein, Goldstein & Rikon,* New York City *(Michael Rikon* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

As a result of injuries he sustained in December 1989 while incarcerated in Eastern Correctional Facility in Ulster County, claimant commenced these two claims alleging that the State failed to provide proper supervision of the inmates and failed to give claimant appropriate medical treatment. On May 3, 1996, after extensive pretrial discovery and prior to the filing of a note of issue, the Court of Claims advised the parties that the trial of these claims would commence on February 24, 1997. By motion dated January 2, 1997, the State moved for summary judgment dismissing the claims. Claimant opposed the motion on the ground that it was untimely under the recent amendment to CPLR 3212 (a) (L 1996, ch 492 [hereinafter chapter 492]), which places a 120-day time limit from the filing of the note of issue in which a party may bring a summary judgment motion.

The Court of Claims held that, as chapter 492 is procedural, it should be retroactively applied to the State's motion as it was made after the statute's January 1, 1997 effective date (L 1996, ch 492, § 2). The court then decided that because no note of issue was filed here, the 120-day period should be measured from May 3, 1996, when it set a date certain for trial. As the State's motion was made after the 120 days expired, it was dismissed as untimely. The State now appeals.

Prior to its amendment, CPLR 3212 (a) simply provided that a motion for summary judgment could be made at any time after issue was joined. The amendment, which went into effect January 1, 1997, sets parameters for the time in which a party may seek summary judgment. Specifically, the statute provides

that "[i]f no such date is set by the court, such motion shall be made no later than [120] days after the filing of the note of issue, except with leave of court on good cause shown" (CPLR 3212 [a]). Although courts can set an earlier date, such date cannot be "earlier than [30] days after the filing of the note of issue" (CPLR 3212 [a]). The impetus for chapter 492 was to address the proliferation of eleventh hour motions, made when there is inadequate time for reply or proper court consideration, and to prevent trial delays which often prejudice litigants who have spent extensive time and money in trial preparation.

Recently, trial courts have split on the issue of whether chapter 492 should have prospective or retroactive application (*see, e.g., Citibank v Olson,* Sup Ct, Richmond County, June 9, 1997, Maltese, J.; *Carlstrand v Kerwin,* Sup Ct, Nassau County, Mar. 5, 1997, Collins, J.), and no appellate court has addressed this issue. Generally, a statute or its amendment is to be applied prospectively unless its language or the legislative intent indicates otherwise (*see, Matter of Bac v State of N. Y. Off. of Mental Health,* 203 AD2d 283, 285; McKinney's Cons Laws of NY, Book 1, Statutes § 51 [b]; § 52). An exception exists, however, for remedial statutes that deal with procedural matters (*see, Majewski v Broadalbin-Perth Cent. School Dist.,* 231 AD2d 102, 105-106; *Matter of Hynson [American Motors Sales Corp.—Chrysler Corp.],* 164 AD2d 41, 48). In such circumstances, the statute (or an amendment thereto) is construed to be retroactive and, as such, is deemed to apply to pending matters (McKinney's Cons Laws of NY, Book 1, Statutes §§ 54, 55). As "procedural statutes may not retroactively destroy rights already accrued", such application to pending matters is only to procedural steps taken subsequent to the effective date of the statute (McKinney's Cons Laws of NY, Book 1, Statutes § 55, at 118; *see, Simonson v International Bank,* 14 NY2d 281, 289-290; *Charbonneau v State of New York,* 148 Misc 2d 891, 895, *affd* 178 AD2d 815, *affd* 81 NY2d 721).

Applying these principles to the present situation, and taking into consideration the statute's goals and objectives (*see, Matter of Duell v Condon,* 84 NY2d 773, 783; *Matter of Bac v State of N. Y. Off. of Mental Health, supra,* at 285), we agree with the Court of Claims that chapter 492 is procedural in nature and, therefore, applicable to these pending claims. To hold otherwise would undermine and serve to postpone the legislative objectives. We disagree, however, with the court's use of May 3, 1996, when the court scheduled the case for trial,

as the date from which the 120 days is to run. By so holding the court set an expiration date that was four months before the amendment even became effective. This resulted in surprise, if not prejudice, to the State, especially since there was no note of issue filed. Consequently, we conclude, as have at least three trial courts before us (*see, DeJesus v New York City Tr. Auth.*, 173 Misc 2d 918; *Moreno v Pilevsky*, Sup Ct, New York County, July 19, 1997, Miller, J.; *Tananbaum v Huntington Hosp.*, Sup Ct, Suffolk County, May 19, 1997, Doyle, J.), that in those cases where the summary judgment motions were made after January 1, 1997 and the notes of issue were filed prior to this effective date, or, as here, no note of issue was filed, the 120-day period should run from January 1, 1997. Not only is the purpose of the amendment realized, but there is equal application of chapter 492 to all parties.

As we find that the State's motion was not untimely, the matter should be remitted to the Court of Claims for consideration of the merits of said motion.

CARDONA, P. J., MERCURE, SPAIN and CARPINELLO, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and matter remitted to the Court of Claims for further proceedings not inconsistent with this Court's decision.