OPINION OF THE COURT
David Friedman, J.
*772 Effective January 1, 1997, CPLR 3211 (e) was amended to provide that “an objection that the summons and complaint * * * was not properly served, is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship” (L 1996, ch 501, § 1). The question presented here is whether the statute as amended should be applied to actions pending prior to the effective date of the amendment.
This medical malpractice action was commenced by substituted service (CPLR 308 [4]) of a summons and complaint on defendant Ganatra on August 31, 1995. Thereafter, issue was joined by the defendant on January 16, 1996. In her answer she alleges as her first affirmative defense lack of personal jurisdiction.
Defendant now moves for an order pursuant to CPLR 3211 (a) (8) dismissing the complaint against her for failure to acquire personal jurisdiction. Plaintiff cross-moves for an order, inter alia, dismissing the defendant’s first affirmative defense alleging lack of personal jurisdiction. In support of the cross motion plaintiff contends that defendant waived any objection to personal jurisdiction by failing to move for dismissal within 60 days of service of the answer as required by CPLR 3211 (e).
At the outset it is noted that were it not for the time requirement of the amended CPLR 3211 (e) there would be no question but that defendant’s motion would have to be granted. The summons was not affixed to defendant’s dwelling place or usual place of abode. Moreover, due diligence was not exercised to make personal service under subdivisions (1) and (2) of CPLR 308 before resort to substituted service under CPLR 308 (4).
In resolving the issue of the applicability of the amendment to CPLR 3211 (e), it should be observed that nisi prius courts have split on the issue of whether it applies to cases pending at the time of the effective date of the amendment. Hence, in Chemical Fin. Servs. Corp. v Zagaro (173 Misc 2d 745), National Westminster Bank v Riese (NYLJ, July 23, 1997, at 22, col 2) and Wade v Kim (NYLJ, Oct. 7, 1997, at 28, col 6) the courts held that the amendment was applicable to pending cases. Such applicability was effectuated by requiring the defendants to move for relief within 60 days of the amendment’s effective date, namely, January 1, 1997. On the other hand, at least one court refused to apply the amendment to a pending case (see, Citibank v SUB, NYLJ, Dec. 9, 1997, at 30, col 5).
*773 Although no appellate court appears to have addressed the amendment of CPLR 3211 (e), two Appellate Division decisions have addressed the effect of a similar type of amendment to CPLR 3212 (a), namely, Auger v State of New York (236 AD2d 177) and Phoenix Garden Rest, v Chu (245 AD2d 164).
CPLR 3212 (a), as amended, provides that in the absence of a court order directing otherwise, a motion for summary judgment “shall be made no later than [120] days after the filing of the note of issue, except with leave of court on good cause shown.” The effective date of the amendment was set at January 1, 1997 (L 1996, ch 492, § 2).
Both Auger and Phoenix (supra) recognized that generally a newly enacted statute is to be applied prospectively unless its language or the legislative intent indicates otherwise. “An exception exists, however, for remedial statutes that deal with procedural matters [citations omitted]. In such circumstances, the statute (or an amendment thereto) is construed to be retroactive and, as such, is deemed to apply to pending matters [citations omitted]” (Auger v State of New York, supra, at 179). Accordingly, Auger and Phoenix concluded that since the 120-day rule was merely procedural, the amendment applied to pending matters.
However, as Phoenix (supra) clarified, the use of the term “retroactive” in this context is not entirely accurate. “ What is really meant when it is said that procedural statutes are generally retroactive is that they apply to pending proceedings, and even with respect to such proceedings they only affect procedural steps taken after their enactment * * * Actually therefore, such statutes are not retroactive at all, but are prospective under the rule that procedural matters are governed by the law in force when they arise’ [citations omitted]” (Phoenix Garden Rest. v Chu, supra, at 165).
Accordingly, Phoenix concluded that where a note of issue has been filed prior to the enactment of the statute, the 120-day period runs from the date the amendment became effective (Phoenix Garden Rest. v Chu, supra, at 166).
By a parity of reasoning, the 60-day rule set forth in CPLR 3211 (e) must be considered a procedural one (Chemical Fin. Servs. Corp. v Zagaro, supra; National Westminster Bank v Riese, supra; Wade v Kim, supra). In this regard, the direct purpose of the amendment to CPLR 3212 (a) was to eliminate motions made on the eve of trial (Phoenix Garden Rest, v. Chu, supra). Similarly, the purpose of the amendment to CPLR 3211 *774 (e) was to require a party with a genuine objection to service of process to deal with the issue promptly (see, Fryburg, The Process of Personal Service of Process, NYLJ, Dec. 18, 1996, at 1, col 1). It follows from Auger (supra) and Phoenix that, in those cases where a defendant’s answer was served prior to the effective date of the amended version of CPLR 3211 (e), the 60-day period begins to run from January 1, 1997.* To reach a different conclusion would mean that the Legislature and judiciary are powerless to take any action to expedite the procedures for processing the many thousands of pending cases.
What therefore becomes clear in the instant case is that defendant’s motion, made almost 10 months after the effective date of the amendment of CPLR 3211 (e), is untimely. Moreover, defendant has neither requested, nor set forth a basis for, an extension of time to make this motion under the “undue hardship” provision of the amendment.
Therefore, the defendant’s motion is denied and the cross motion is granted.

 It is also not without significance that the amendments to both CPLR 3211 (e) and 3212 (a) were approved on the same day (Aug. 8, 1996) and that both provided for effective dates of January 1, 1997 (L 1996, ch 501, § 3; L 1996, ch 492, § 1).