■ EDITH KOŽMA et al., Appellants, v MARCEL BIBERFELD et al., Respondents. (And a Third-Party Action.) [695 NYS2d 601]

—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated May 15, 1998, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The court improperly refused to consider the plaintiffs' expert's opinion on the ground that it was based solely on photographs of the alleged defective repair of the sidewalk rather than on an actual inspection of that repair (*see, Nurik v Ollstein*, 231 AD2d 458; *Matter of Aetna Cas. & Sur. Co. v Barile*, 86 AD2d 362, 364). In addition, the expert opinion that the sidewalk repair was made in the two- to four-year period before the date of the photographs, which were taken shortly after the accident, was based on specific aspects of the repair that were clearly depicted in the photographs (*cf., Palazzo v City of New Rochelle*, 236 AD2d 528; *Duprey v Drake*, 182 AD2d 1015; *Matter of Aetna Cas. & Sur. Co. v Barile, supra*, at 365-366).

In light of the evidence that the defendants Marcel Biberfeld and Ester Biberfeld owned the property during the two- to four-year period during which the expert stated that the repair was made, and the deposition testimony by an employee for the City of New York that his search failed to disclose any records of repairs made by the City during that period, there is an issue of fact as to whether the City or the Biberfelds are responsible for the alleged defective repair (*cf., Palazzo v City of New Rochelle, supra*). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.