■ ANTHONY LA HENDRO, Appellant, v CHARLES NADEAU, Respondent. [722 NYS2d 80] —Peters, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered August 19, 1999 in Essex County, which granted defendant's motion for summary judgment dismissing the complaint.

On the evening of August 9, 1991, plaintiff, defendant and two of their friends patronized several bars in Essex County, including Flannagan's in the Town of Schroon and Doc's in the Town of Ticonderoga. During the earlier morning hours of August 10, 1991, James Belden and Frank Serdinsky, acquaintances of plaintiff, discovered plaintiff's overturned Chevrolet Cavalier automobile in an embankment on State Route 9N in Ticonderoga. As the first to arrive, Belden testified that he hollered to Serdinsky to get help. Belden recalled that the car

was not running, the headlights were off and the keys were not in the ignition, although they were later found in the vehicle. Plaintiff was alone and lying unconscious in the back seat. As a result of amnesia occasioned by the accident, plaintiff has no recollection of any of the events that evening except that his mother had prepared dinner for him and defendant before they had left.

In October 1992, plaintiff commenced this negligence action alleging that defendant was the driver of his car at the time of the accident. Upon the filing of a note of issue in August 1995, the action was placed on the trial calendar but was adjourned because the whereabouts of defendant were unknown. Notwithstanding plaintiff's continuing attempts to locate him, it was not until August 1998 that he was notified that defendant was incarcerated in Arizona. Although Supreme Court gave the parties 90 days to obtain written interrogatories, plaintiff opted for the matter to be returned to the trial calendar. It was only after plaintiff agreed to waive his right to depose defendant or obtain any further discovery that the trial was set for September 7, 1999.

On May 11, 1999, defendant moved for summary judgment contending that it was plaintiff and not defendant who was the driver of plaintiff's car at the time of the accident. Despite plaintiff's opposition to the motion as untimely (*see*, CPLR 3212 [a]), Supreme Court found "good cause shown" for defendant's delay. Considering the merits of the motion, it further found that plaintiff failed to rebut defendant's prima facie showing that it was plaintiff who drove the vehicle at the time of the accident. The action was dismissed and plaintiff appeals.

CPLR 3212 (a) permits a late proffer of a motion for summary judgment if "good cause [is] shown."* Vested with broad discretion to extend the time period to move for such relief where, in the interest of judicial economy, it is found to be meritorious and not the cause of prejudice to the opposing party (*see*, *Rossi v Arnot Ogden Med. Ctr.*, 252 AD2d 778, 779-780; *Auger v State of New York*, 236 AD2d 177, 179), Supreme Court articulated that the delay was precipitated by defendant's out-of-State incarceration and the lack of communication between the parties. With plaintiff failing to demonstrate prejudice (*see*, *McKay v Ciani*, 280 AD2d 808), we next review the merits.

Despite plaintiff's contentions that defendant's proffer was

---

* Although this action was commenced prior to the amendment of CPLR 3212 (a) (*see*, L 1996, ch 492, § 1), the statute will apply retroactively due to its procedural change (*see*, *Auger v State of New York*, 236 AD2d 177).

inadmissible, sworn deposition testimony established that Kenneth Otley, an acquaintance of plaintiff, was parked at a gas station across the street from Doc's bar when plaintiff approached his vehicle in the early morning hours of August 10, 1991 to inquire about defendant's whereabouts. After being informed that he did not know where defendant was, Otley testified that he observed plaintiff enter the driver side of his Chevrolet Cavalier accompanied by a friend. Within 5 to 10 minutes, defendant approached Otley, driving a Chevrolet Camaro, and inquired of plaintiff's whereabouts. After being informed that he had just left, defendant drove off. Within 15 to 20 minutes, Otley, a member of the local fire department, was notified of a car accident by radio. Working with other firefighters as part of a rescue effort, they arrived at the scene of the accident. Otley's description thereof confirmed that reported by Belden, both noting that there were no signs that anyone had left the scene of the accident.

With the burden shifted to plaintiff to establish a triable issue demonstrating that he was not the driver of the overturned vehicle (*see*, CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562; *Cohen v Masten*, 203 AD2d 774, 775-776, *lv denied* 84 NY2d 809), plaintiff annexes the affidavit of Robert Porter, the individual believed by Otley to have accompanied plaintiff when he observed him leaving Doc's bar in the early morning hours of August 10, 1991. Although Porter confirmed that he was not the individual believed by Otley to have left Doc's with plaintiff, this inconsistency alone did not undermine testimony establishing that plaintiff was driving the car at the time.

Left with the deposition testimony of Belden and Serdinsky, the first to arrive after the accident, our review yields no further evidence inconsistent with the conclusion that plaintiff was driving the vehicle at the time of the accident (*see*, *Zuckerman v City of New York, supra*, at 562), even when viewing such testimony in his favor (*see*, *Boston v Dunham*, 274 AD2d 708, 709). While we agree with plaintiff that circumstantial evidence can form the basis of liability at trial (*see*, *Spett v President Monroe Bldg. & Mfg. Corp.*, 19 NY2d 203, 205), plaintiff failed to sustain his burden or "demonstrate [an] acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman v City of New York, supra*, at 562). Accordingly, the order granting defendant's motion for summary judgment dismissing the complaint is affirmed.

Cardona, P. J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.