■ AMIE RIFENBURGH, Respondent, v SANDRA WILCZEK, Appellant. [741 NYS2d 605] —Peters, J. Appeal from an order of the Supreme Court (Bradley, J.), entered February 15, 2001 in Ulster County, which granted plaintiff's motion for summary judgment.

This action arises out of a multivehicle accident which occurred on State Route 209 in the Town of Marbletown, Ulster County. According to plaintiff's deposition testimony, she was traveling in the southbound lane of Route 209 when she stopped a few feet behind the car in front of her at a red traffic light. Her vehicle was then struck in the rear by defendant's vehicle, which triggered a chain reaction. Although plaintiff admits that she did not see defendant's vehicle at the point of impact, she testified that she had seen defendant's vehicle enter Route 209 prior to the accident, that defendant's vehicle traveled behind hers and that immediately after the accident, her vehicle, defendant's vehicle and others started to pull off to the side of the road. As plaintiff was exiting her vehicle, she observed defendant maneuver her car back into traffic and make a left-hand turn off Route 209 towards the Ulster County Community College (hereinafter UCCC). The police responded to the scene of the accident and gathered debris from the impact to the rear of plaintiff's vehicle, which included glass from the casing of a headlight along with a license plate holder.

Plaintiff and the responding police officer went to the UCCC campus where, upon locating defendant's car, the police officer observed that it had a broken headlight and was missing a license plate holder. According to defendant's deposition testimony, she was on her way to classes at UCCC when she abruptly stopped due to the accident, but insisted that she was not involved. She alleges that after she came to a complete stop, she observed plaintiff's vehicle impact the car ahead of it and thereafter left the scene to attend classes. When confronted with the debris found at the scene of the accident at the rear of plaintiff's vehicle, defendant explained that a week prior to this accident she was involved in an accident with a deer that caused front end damage to her car, and the debris found at the scene by the police officer must have come loose due to her abrupt stop.

Plaintiff commenced this action in July 1999 and, after joinder and discovery, moved for summary judgment on the issue of liability and seeking $11,139.95 in damages. Supreme Court orally granted the motion and awarded damages against defendant in the sum of $6,000, plus interest, costs and disbursements. Defendant appeals.

Upon our review of this record, we find that plaintiff, as the moving party, had demonstrated her entitlement to summary judgment, thus shifting the burden to defendant to prove, by admissible evidence, the existence of a triable issue of fact (*see*, *Zuckerman v City of New York*, 49 NY2d 557, 560). In analyz-

ing that proffer, our obligation is to construe the facts in a light most favorable to defendant (*see, Silvestro v Wartella*, 224 AD2d 799, 799) and "not weigh the credibility of the affiants on a motion for summary judgment unless it clearly appears that the issues are not genuine, but feigned" (*Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439, 441; *see, Colonial Indem. Ins. Co. v NYNEX*, 260 AD2d 833, 835).

Recognizing that defendant submitted selected excerpts from her deposition testimony and claimed that she did not impact plaintiff's vehicle but that parts of her car fell off as a result of an earlier impact with a deer, we note that no accident report of that incident was included in the record. While that accident report was referred to in her deposition testimony proffered in opposition to this motion, it was noted in such testimony that the report did not evince any front end damage as defendant had claimed. Therefore, despite the absence of a decision by Supreme Court detailing the basis underlying its determination, we find that it correctly determined that no triable issue of fact was sufficiently set forth such that an award of summary judgment to plaintiff should not enure (*see, Glick & Dolleck v Tri-Pac Export Corp.*, *supra* at 441; *Colonial Indem. Ins. Co. v NYNEX*, *supra* at 835); the defendant's "untruths are clearly apparent" (*Colonial Indem. Ins. Co. v NYNEX*, *supra* at 835).

As to the award of damages, however, a remittal is necessary. It is incumbent upon the proponent of a summary judgment motion "to tender sufficient evidentiary proof in admissible form to warrant a judgment in [her] favor" (*Salas v Town of Lake Luzerne*, 265 AD2d 770, 771). "Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers * * *" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [citation omitted]). In support of her motion for summary judgment, plaintiff failed to submit evidence in admissible form establishing damages thus necessitating remittal for a determination on this issue (*see, Landa, Picard & Weinstein v Sheftel*, 103 AD2d 768, 768).

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded damages; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.