■ DAISY MASON, Respondent, v ERWIN STOKES, Defendant, and YANIV HOMES, INC., et al., Appellants. (Matter No. 1.) In the Matter of DAISY MASON et al., Petitioners, v CLERK OF THE CITY REGISTER, COUNTY OF KINGS, Respondent. (Matter No. 2.) [751 NYS2d 854] —In an action pursuant to RPAPL article 15, inter alia, to determine claims to real property and a related proceeding pursuant to Real Property Law § 329, inter alia, to cancel of record certain allegedly fraudulent deeds, which were joined for trial, the defendants Yaniv Homes, Inc., and Exotic Realty, Inc., appeal from (1) an order of the Supreme Court, Kings County (Held, J.), dated November 15, 2001, which, inter alia, granted the motion of Daisy Mason, among other things, for summary judgment, and (2) an amended order of the same court, dated January 2, 2002, which, inter alia, granted the same relief.

Ordered that the appeal from the order is dismissed, as the order was superseded by the amended order; and it is further,

Ordered that the amended order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent Daisy Mason.

In 1968, property located at 65 Bond Street in Brooklyn was conveyed to Daisy Mason. By deed dated September 14, 1998, the property purportedly was transferred by Mason to Erwin Stokes. Stokes subsequently conveyed the property to the appellant Yaniv Homes, Inc., which, in turn, transferred the property to the appellant Exotic Realty, Inc., a related entity.

The plaintiff commenced this action and proceeding, among other things, to have the deeds canceled of record, claiming that her signature on the deed to Stokes was a forgery. She moved for summary judgment and, in opposition to the motion, the appellants claimed that she was not, in fact, the Daisy Mason who owned the property, but rather an imposter named Pearl Mason, and, therefore, she lacked standing to challenge the deed.

The plaintiff established her entitlement to summary

judgment. In opposition to the motion, the appellants failed to submit probative evidence sufficient to raise a genuine issue of fact (*see Rifenburgh v Wilczek,* 294 AD2d 653, 654-655; *Matter of Fisch v Aiken,* 252 AD2d 556). In fact, some of the evidence submitted by the appellants confirmed that the plaintiff, who is also known as Pearl Mason, is Daisy Mason, the record owner of the property until it was fraudulently transferred to Stokes. Consequently, the Supreme Court properly granted the motion. Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.