■ DONALD OLIVEIRA et al., Appellants, v COUNTY OF BROOME, Defendant, and ANDREW R. MANCINI ASSOCIATES, INC., Respondent. [772 NYS2d 883]—

Kane, J. Appeal from an order of Supreme Court (Hester, Jr., J.), entered April 22, 2003 in Broome County, which granted a motion by defendant Andrew R. Mancini Associates, Inc. for summary judgment dismissing the complaint and cross claim against it.

Plaintiff Donald Oliveira (hereinafter plaintiff) fell and

sustained injuries at the Binghamton Regional Airport, which is owned and operated by defendant County of Broome. The County contracted with defendant Andrew R. Mancini Associates, Inc. (hereinafter defendant) to perform construction and renovations at the airport. After plaintiffs commenced this action to recover for plaintiff's injuries, defendant moved for summary judgment dismissing the complaint and the County's cross claim. Supreme Court granted the motion, prompting plaintiffs to appeal.

Because plaintiffs' claim was based on speculation, Supreme Court properly granted defendant's motion for summary judgment. To recover in a slip and fall action, a plaintiff must establish that the defendant created a dangerous condition or had actual or constructive knowledge of it (*see Kappes v Cohoes Bowling Arena*, 2 AD3d 1034, 1034 [2003]; *Altieri v Golub Corp.*, 292 AD2d 734, 734 [2002]). Plaintiffs' theory was that during renovations, defendant's employees or its subcontractor's employees tracked roofing tar onto the stairs, the stairs were then cleaned, the cleaning agent used to remove the tar caused the floor tiles to become loose and plaintiff tripped on a raised piece of tile. The record contains no proof that defendant performed any work on the stairs, including cleaning, but instead indicates that the County performed such cleaning. Additionally, plaintiffs' contention that the tile glue was loosened by an unidentified cleaning agent is pure speculation with no evidentiary basis.

While wholly circumstantial evidence may be sufficient to create a prima facie case of negligence, the plaintiff must prove it more likely or more reasonable that the injury was caused by a defendant's negligence rather than some other cause (*see Gayle v City of New York*, 92 NY2d 936, 937 [1998]; *Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744 [1986]). Plaintiffs failed to offer evidence showing that the more reasonable scenario was that defendant cleaned the stairway and that the cleaning agent loosened the tile. It was more likely that the County's employees cleaned the tiles, and just as likely that the tiles loosened from normal wear and tear. Something more than speculation is needed to defeat a motion for summary judgment (*see Wallace v Terrell*, 295 AD2d 840, 842 [2002]).

Cardona, P.J., Mercure, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.