■ PERLA TATE, Respondent, v FREEPORT UNION SCHOOL DISTRICT, Appellant, and VILLAGE OF FREEPORT, Respondent. [777 NYS2d 188]—

In an action to recover damages for personal injuries, the defendant Freeport Union School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated January 16, 2003, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly sustained injuries when she tripped and fell on a defect on a sidewalk, used as a driveway, adjacent to a parking lot reserved for faculty members of the defendant Freeport Union School District (hereinafter the School District). She commenced this action against, among others, the School District. Following the plaintiff's motion for a protective order, the School District cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In opposition to the cross motion, the plaintiff submitted an affidavit of her expert who concluded that the condition over which she fell was caused by the weight, speed, and impact of the cars entering the School District's lot. Specifically, the expert concluded that the "volume" of cars entering the parking lot weakened the substructure and substrata to the point where those structures gave way, creating the depression. The expert's affidavit was based on a review of pictures of the depression taken a few days after the plaintiff's fall, and on deposition testimony describing the condition of the sidewalk. The Supreme Court denied the cross motion for summary judgment, finding that there were issues of fact as to whether the School District created the dangerous condition and as to whether the School District made special use of the sidewalk. We agree.

The expert's affidavit submitted by the plaintiff in opposition to the motion for summary judgment was sufficient to raise a triable issue of fact. The expert's opinion as to the cause of the defective condition of the sidewalk and curb cut was "fairly inferable" from the evidence (*see Matter of Aetna Cas. & Sur. Co. v Barile,* 86 AD2d 362, 364-365 [1982]; *cf. Kozma v Biberfeld,* 264 AD2d 817 [1999]). Florio, J.P., H. Miller, Schmidt and Crane, JJ., concur.