■ MICHAEL L. WEBB, Respondent-Appellant, v TIRE AND BRAKE DISTRIBUTOR, INC., Doing Business as TIRE WAREHOUSE, Appellant-Respondent. [786 NYS2d 636]—

Spain, J. (1) Cross appeals from an order of the Supreme Court (Ferradino, J.), entered April 15, 2003 in Saratoga County, which, inter alia, granted plaintiff's motion for partial summary judgment on the issue of liability, and (2) appeal from an order of said court, entered October 8, 2003 in Saratoga County, which, inter alia, denied defendant's cross motion to renew.

Plaintiff commenced this negligence action seeking damages for personal injuries allegedly sustained on July 8, 1998 when the left front wheel of the car he was driving came off, causing him to lose control of the car just minutes after he claims that defendant's employees had mounted two used tires on the front wheels of the car. Issue was joined and plaintiff was examined at a deposition in November 1999, but defendant failed to produce any representative to be deposed, having ceased operation in 1999 and thereafter declaring bankruptcy. After the bank-

ruptcy stay was lifted in July 2002, plaintiff rejected and returned defendant's notice to admit regarding video surveillance of plaintiff and moved for partial summary judgment on liability. Defendant opposed, submitting an affidavit of its former district manager. Defendant also cross-moved for an order deeming admitted by plaintiff all statements in its notice to admit and plaintiff cross-moved for an order striking defendant's answer due to defendant's long-term delays in responding to discovery requests. By order entered April 15, 2003, Supreme Court granted plaintiff's motion for partial summary judgment on liability, denied his motion to strike defendant's answer, and granted defendant's motion regarding the notice to admit.

Both parties appealed and then filed cross motions in Supreme Court to reargue and renew. Defendant's motion sought to reverse the award of summary judgment on liability to plaintiff based upon a newly obtained affidavit of a previously uncooperative former employee, Lárry Lambert. Plaintiff's motion requested reversal—based upon an affidavit of plaintiff denying that it was him on the surveillance video—of that part of the order which had deemed admitted certain statements in the notice to admit or, in the alternative, permission to withdraw his admissions pursuant to CPLR 3123 (a). By order entered October 8, 2003, Supreme Court denied both parties' motions, but granted plaintiff permission to withdraw 7 of the 10 statements deemed admitted in the April order. Defendant appeals this order as well.

Plaintiff's cross appeal from the April order is concededly moot and, on defendant's appeal, we affirm. Defendant's central contention on appeal is that Supreme Court erred in denying its renewal motion, which was based upon the newly acquired Lambert affidavit which he argues raised an issue of fact as to whether defendant's employees ever mounted the tires on this vehicle. Defendant does not question that plaintiff established a prima facie case, plaintiff having testified that he purchased two tires from defendant for $40 (producing a dated invoice) and that its employees mounted them on the front of the vehicle in plaintiff's presence, and that the left front wheel fell off (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Plaintiff also testified that while the cost of the two tires was $40, defendant's employees also agreed to mount them without additional charge and indicated that the invoice would not reflect the work done in order to avoid an additional charge for the mounting.

In opposition, defendant initially submitted the affidavit of its former district manager, William Stevens Jr., who attested that,

based upon defendant's business practices and procedures, the notation "loose" on the invoice "signifies that no work was done on the vehicle and that the products which were sold were carried out by the customer." He also explained that a vehicle's make, model, year, plate number, mileage and a customer phone number are filled in if work will be done on it, and the absence of any of this information on this invoice, combined with the "loose" designation, meant that the invoice was for the sale of tires only and no work was performed. In its April order, Supreme Court determined that Stevens' affidavit was insufficient to create a question of fact so as to defeat plaintiff's motion, in that he lacked any personal knowledge about the events of July 8, 1998 and his affidavit was speculative, i.e., "based only upon what he assumes should have happened" which "lacks probative value" (*see Connor v Tee Bar Corp.*, 302 AD2d 729, 730 [2003]). Then, on defendant's renewal motion, it submitted the June 2003 affidavit of Lambert—who defendant explained had previously adamantly refused to cooperate—stating the initials "LL" on the invoice were his own. Like Stevens, he averred that based upon defendant's policy and procedure, the notation "loose" indicated that no mounting had occurred for the products (tires) purchased and listed on the invoice.

We find that Supreme Court properly denied defendant's cross motion to renew (*see* CPLR 2221 [2] [e]). As the court noted, Lambert was a known witness and his affidavit merely established that his initials were on plaintiff's invoice and confirmed Stevens' averments regarding defendant's business practices; Lambert made no "claims based upon personal knowledge regarding what events took place regarding this plaintiff" and, as such, his affidavit would not have warranted a different outcome on plaintiff's underlying motion (*see Amodeo v State of New York*, 257 AD2d 748, 749 [1999]). A review of the evidence in a light most favorable to defendant, the nonmovant (*see Rifenburgh v Wilczek*, 294 AD2d 653, 654-655 [2002]), establishes that, at most, Lambert was present on the day in question and defendant's business practices, if followed, would have resulted in an invoice reflecting mounting. However, " '[s]omething more than speculation is needed to defeat a motion for summary judgment' " (*Steinborn v Himmel*, 9 AD3d 531, 535 [2004], quoting *Oliveira v County of Broome*, 5 AD3d 898, 899 [2004]).

While circumstantial evidence may in some instances suffice to make out a prima facie case or defeat a summary judgment motion (*see Oliveira v County of Broome, supra* at 899; *La Hendro v Nadeau*, 281 AD2d 717, 719 [2001]; *Salatino v*

*Salatino,* 257 AD2d 814, 814-815 [1999]), and even recognizing that greater flexibility is accorded to those who oppose such motions where they demonstrate an "acceptable excuse for [their] failure to meet the strict requirement of tender [of evidentiary proof] in admissible form" (*Zuckerman v City of New York, supra* at 562; *see Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068 [1979]), we agree with Supreme Court's conclusion that defendant's proof in opposition is not based upon personal knowledge of what occurred and is insufficient to create a material question of fact in that regard (*see* CPLR 3212 [b]; *Connor v Tee Bar Corp., supra* at 730; *see also Monge v Home Depot,* 307 AD2d 501, 502 [2003]; *La Hendro v Nadeau, supra* at 719; *Duprey v Drake,* 182 AD2d 1015, 1016 [1992]).

Defendant also assigns error to that part of Supreme Court's October order which granted plaintiff's request pursuant to CPLR 3123 (b) to withdraw 7 of the 10 statements previously deemed admitted in the court's April order. We disagree. In its April order, the court had granted defendant's cross motion to deem admitted 10 of the statements in defendant's notice to admit (two others were found to be improper) concerning whether it was plaintiff who was depicted on a video surveillance tape on specified dates in 1999, 2000 and 2001, in view of plaintiff's failure to properly respond, seek an adjournment or move for a protective order (*see* CPLR 3123; *Kowalski v Knox,* 293 AD2d 892 [2002]). Plaintiff's attorney had promptly but errantly relied upon CPLR 3122 in rejecting the notice to admit by letter to defendant. Upon the parties' subsequent reconsideration motions, the court, faced with plaintiff's affidavit unequivocally denying that it is him in six of the dated videos and his inability to identify the person in another dated video, exercised its discretion and granted plaintiff's alternate request to withdraw the admission as to seven of the statements deemed admitted, relief which the statute expressly permits "at any time . . . on such terms as may be just" (CPLR 3123 [b]). In view of the underlying purpose of the notice to admit—"to eliminate from dispute those matters about which there can be no controversy" (*Howlan v Rosol,* 139 AD2d 799, 802 [1988]; *see* CPLR 3123 [a])—we discern no abuse of discretion in this ruling.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.