■ Earnest Ealey, Respondent, v City of New York, Respondent, and A-1 Watermain & Sewer Corporation, Appellant. [792 NYS2d 159]—

In an action to recover damages for personal injuries, the defendant A-1 Watermain & Sewer Corporation appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated January 16, 2004, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs.

On the afternoon of November 22, 1998, the plaintiff allegedly stepped in a depression in the roadway, causing him to fall and sustain serious injuries. The defendant A-1 Watermain & Sewer Corporation (hereinafter the appellant) previously excavated and refilled two openings on the same roadway where the plaintiff's accident occurred. The depression was adjacent to one of the openings which was backfilled by the appellant.

The plaintiff commenced this action against the City of New York, alleging that it was negligent in its ownership, maintenance, and control of the roadway, and against the appellant, alleging that the excavation work it performed created the nearby depression that caused the plaintiff's fall. The Supreme Court denied the appellant's motion for summary judgment, determining that issues of fact existed. We affirm.

The appellant established its prima facie entitlement to summary judgment by the deposition testimony of its employee and the affidavit of its vice-president that following its excavation work, the openings were backfilled and that such backfilling was observed and inspected by an independent third-party who issued a certificate certifying that the work was performed in accordance with the rules and regulations of the New York City Department of Highways. In response to this prima facie showing, the plaintiff came forward with evidence in the form of an expert's affidavit establishing a triable issue of fact as to whether the appellant created the defect which caused the plaintiff's injuries by improperly excavating and backfilling the openings, which undermined the adjacent soil (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Zuckerman v City of New York, 49 NY2d 557 [1980]; Simpson v Tenore & Guglielmo, 287 AD2d 613 [2001]). The reliance of the plaintiff's

expert upon photographs of the scene, deposition testimony, and the affidavit of the appellant's vice-president was sufficient to support the expert's conclusion (see *Tate v Freeport Union School Dist.,* 7 AD3d 695 [2004]; *Kozma v Biberfeld,* 264 AD2d 817, 818 [1999]; cf. *Banks v Freeport Union Free School Dist.,* 302 AD2d 341 [2003]). The appellant's argument regarding a possible superseding cause is raised for the first time on appeal, and therefore we decline to reach it (see *Johnson v Freeport Union Free School Dist.,* 255 AD2d 294 [1998]). Florio, J.P., S. Miller, Luciano and Mastro, JJ., concur.