■ NEW YORK AND PRESBYTERIAN HOSPITAL et al., Appellants, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent. [792 NYS2d 603]—

In an action to recover no-fault medical payments under an insurance contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), dated January 6, 2004, as, upon renewal, granted the defendant's motion for summary judgment dismissing the first cause of action and denied its cross motion for summary judgment on that cause of action.

Ordered that the appeals by the plaintiffs Hospital for Joint Diseases and Mary Immaculate Hospital are dismissed, without costs or disbursements, as those plaintiffs are not aggrieved by the portion of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which, upon renewal, granted the motion and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from by the plaintiff New York and Presbyterian Hospital, without costs or disbursements.

Marco Rizzi, the assignor of the plaintiff New York and Presbyterian Hospital (hereinafter the Hospital) was insured as a covered person under a policy of insurance (hereinafter the policy) issued by the defendant Government Employees Insurance Company (hereinafter GEICO). Rizzi was treated at the Hospital for the period from February 22, 2002, through April 3, 2002, for injuries related to an automobile accident covered under the policy (hereinafter the accident). According to GEICO, on April 13, 2002, it received a bill from the Hospital submitted for medical services rendered to Rizzi for injuries resulting from the accident. GEICO then sent verification requests to the Hospital on April 22, 2002, and on May 22, 2002.

According to the Hospital, it first sent the claim related to the accident to GEICO on May 9, 2002, and it was received by GEICO on May 13, 2002. Thereafter, it received GEICO's first verification request dated May 22, 2002. The Hospital did not deny receiving the purported verification request sent by GEICO dated April 22, 2002.

It is undisputed that the Hospital finally sent the required verification documents on April 23, 2003. Upon receipt thereof, GEICO paid the Hospital $60,961.44, the amount which undisputably represented the balance of funds left on the no-fault portion of the policy at that time.

The Hospital does not dispute the total amount of the policy, nor the amount paid out on it. However, it contends that

GEICO's first purported verification request dated April 22, 2002, was a nullity since at the time it was sent, the Hospital had not yet sent the bill to GEICO for the medical services rendered to Rizzi.

Thereafter, GEICO moved for summary judgment dismissing the Hospital's first cause of action on the ground that it had paid out all the money available under the no-fault portion of the policy, and the Hospital cross-moved for summary judgment on that cause of action for the sum of $32,961.15, the amount GEICO paid to other health care providers after May 13, 2002, the date the Hospital contends GEICO received its initial claim.

The parties do not dispute that GEICO, a no-fault insurer, may send an initial request for verification within 10 business days of receipt of a completed application for motor vehicle no-fault benefits. If any requested information was not supplied within 30 days of that request, then within 10 days after that (i.e., within 40 days after the initial request for verification was sent) GEICO must follow that up with a properly documented telephone call or by mail (*see* 11 NYCRR 65.15 [d] [1]; [e] [2]; *New York & Presbyterian Hosp. v American Tr. Ins. Co.*, 287 AD2d 699, 699-700 [2001]). If that is not done then, upon receipt of the requested verifying information, the insurer is required to pay the requested amount, within the policy limits, before paying health care providers who submit later claims. Furthermore, GEICO does not dispute the Hospital's contention that any request for verification sent before the submission of a claim by a health care provider is a nullity.

In this instance, GEICO made out a prima facie case that it had sent the initial request for verification, as well as the required follow up thereto, subsequent to its receipt of a claim by the Hospital on April 13, 2002. However, in opposition, the Hospital raised a triable issue of fact, through the affidavit of Peter Kattis, a billing agent for the Hospital, as to whether its first claim was actually mailed May 9, 2002, and not received until May 13, 2002, in which case GEICO only would have sent an initial request for verification after the Hospital's initial submission of its claim. Accordingly, upon renewal, GEICO's motion for summary judgment dismissing the first cause of action should have been denied (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *Tate v Freeport Union School Dist.*, 7 AD3d 695 [2004]; *Corcoran v Babylon Tr.*, 295 AD2d 392 [2002]; *Roth v Barreto*, 289 AD2d 557 [2001]).

The Hospital's remaining contentions are without merit. Florio, J.P., Cozier, Krausman and Rivera, JJ., concur.