■ Fleet Bank, N. A., Respondent, v Dennis Riese, Appellant. [668 NYS2d 611] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered September 15, 1997, awarding plaintiff damages against defendant, and bringing up for review an order, entered on or about August 20, 1997, which, insofar as challenged, dismissed defendant's affirmative defense of lack of jurisdiction, unanimously affirmed, with costs.

Defendant's defense of improper service was properly deemed waived since he failed to move to dismiss the complaint based on this defense by March 3, 1997, i.e., 60 days after the January 1, 1997 effective date of chapter 501 of the Laws of 1996 amending CPLR 3211 (e) so as to require such a motion within 60 days after service of a pleading asserting such a defense (Chemical Fin. Servs. Corp. v Zagaro, 173 Misc 2d 745, 748). The same considerations apply here as in Phoenix Garden Rest. v Chu (245 AD2d 164), where we held that the new 120-day time limit in CPLR 3212 (a) on post-note-of-issue summary judgment motions applies to pending actions so as to bar such motions if made more than 120 days after the effective date of the amendment, also January 1, 1997. Such a construction does not prejudice defendant, who could have avoided the 60-day time limit by a showing of "undue hardship" (CPLR 3211

[e]), which he has failed to do. We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rubin, Mazzarelli and Andrias, JJ.