[681 NYS2d 355]

JOHN P. WADE et al., Respondents, v BYUNG YANG KIM et al., Defendants, and JOANNES H. MORSCH, Appellant.

Second Department, December 7, 1998

### APPEARANCES OF COUNSEL

*Pilkington & Leggett, P. C.,* White Plains (*William V. Coleman* of counsel), for appellant.

*Henderson & Brennan,* White Plains (*John T. Brennan* and *Lauren J. DeMase* of counsel), for respondents.

### OPINION OF THE COURT

MANGANO, P. J.

The question to be answered on this appeal is whether the defense of improper service raised by the defendant Joannes Hendrick Morsch is deemed waived due to his failure to timely move to dismiss the complaint based on this defense pursuant to CPLR 3211 (e). In our view, this question must be answered in the affirmative.

The plaintiffs commenced an action in 1994, under index No. 2974/94 (hereinafter the first action), to recover damages for medical malpractice allegedly committed by the defendants, including Morsch, in 1992. An answer was interposed by Morsch on March 28, 1994, which raised the defense of lack of personal jurisdiction.

The plaintiffs then commenced a second action in August 1995, under index No. 12432/95. In his answer to the second action, interposed on August 18, 1995, Morsch raised the defense of a lack of personal jurisdiction. The plaintiffs re-served Morsch personally with process under the second index number, i.e., 12432/95, on October 11, 1995. This process was concededly proper and accordingly, in his second answer in this second action, Morsch did not raise the defense of lack of personal jurisdiction.

Thereafter, in June 1997, Morsch (and two other defendants) moved, *inter alia,* to dismiss the first action, i.e., the action under index No. 2974/94, on the ground of lack of personal jurisdiction. With respect to this branch of Morsch's motion, the

Supreme Court held that it was untimely since it was made more than 60 days after January 1, 1997, i.e., the effective date of an August 8, 1996 amendment to CPLR 3211 (e).

We agree with the holding of the Supreme Court.

On August 8, 1996, the Legislature amended CPLR 3211 (e) (L 1996, ch 501), effective January 1, 1997, by providing, in pertinent part: "an objection that the summons and complaint, summons with notice, or notice of petition and petition was not properly served, is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship."

Although "as a general rule, legislation must be construed as prospective only unless the language of the statute, expressly or by implication, requires retroactive application, there is an exception for remedial statutes, which are those intended to correct imperfections in prior law" (*Matter of Hynson [American Motors Sales Corp.—Chrysler Corp.]*, 164 AD2d 41, 48; *see also, Auger v State of New York*, 236 AD2d 177, 179; *see also,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 35, 54, 55; *Matter of Asman v Ambach*, 64 NY2d 989). "In such circumstances, the statute (or an amendment thereto) is construed to be retroactive and * * * is deemed to apply to pending matters" (*Auger v State of New York, supra,* at 179; *see also,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 54, 55). However, procedural statutes "may not retroactively destroy rights already accrued" (McKinney's Cons Laws of NY, Book 1, Statutes § 55, at 118). Accordingly, "when it is said that procedural statutes are generally retroactive, what is really meant is that they apply to pending proceedings, and even with respect to such proceedings, they only affect procedural steps taken after their enactment" (*Charbonneau v State of New York,* 148 Misc 2d 891, 895, *affd* 178 AD2d 815, *affd* 81 NY2d 721; *see,* McKinney's Cons Laws of NY, Book 1, Statutes § 55; *Simonson v International Bank,* 14 NY2d 281, 289-290).

The purpose of the subject amendment to CPLR 3211 (e) was "to require a party with a genuine objection to service to deal with the issue promptly and at the outset of the action * * * ferret out unjustified objections and * * * provide for prompt resolution of those that have merit" (Senate Mem in support of L 1996, ch 501, 1996 McKinney's Session Laws of NY, at 2443). Accordingly, it is clear that this amendment to CPLR 3211 (e) is procedural in nature. However, to hold this amendment to

CPLR 3211 (e) applicable to all pending actions without any limitation would be "unfair" since it would trigger the "waiver on objections put into place long ago in conformity with all existing procedural requirements" (Siegel, 1997 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:56, 1998 Pocket Part, at 4). Accordingly, to avoid injustice, we hold that the subject amendment to CPLR 3211 (e) is retroactive but the starting time of the requisite 60-day period in pending actions is deemed to be January 1, 1997, the amendment's effective date (*accord, Fleet Bank v Riese,* 247 AD2d 276). Indeed, this approach has been utilized by this Department, as well as the First and Third Departments, with respect to a 1996 amendment to CPLR 3212 (a) (L 1996, ch 492), also effective January 1, 1997, which imposed a 120-day time limit on summary judgment motions made after the note of issue is filed (*see, Krug v Jones,* 252 AD2d 572; *Phoenix Garden Rest. v Chu,* 245 AD2d 164; *Auger v State of New York, supra*).

Since Morsch's motion to dismiss the complaint based on the defense of improper service was made more than 60 days after January 1, 1997, the motion was properly denied as untimely by the Supreme Court. Accordingly, the appeal from the order entered September 30, 1997 is dismissed, as that order was superseded by the order entered January 26, 1998, made upon reargument, and the order entered January 26, 1998 is affirmed insofar as appealed from.

MILLER, THOMPSON and LUCIANO, JJ., concur.

Ordered that the appeal from the order entered September 30, 1997 is dismissed, as that order was superseded by the order entered January 26, 1998, made upon reargument; and it is further,

Ordered that the order entered January 26, 1998 is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.