OPINION OF THE COURT
Arthur W. Lonschein, J.
In 1996, CPLR 3211 (e) was amended so that a defendant *950 who has served an answer asserting an objection of improper service of the summons and complaint is held to have waived the objection unless he moves for judgment on that ground within 60 days of serving the pleading. The time may be extended, upon the ground of undue hardship. The court here is called upon to determine the extent of the proof required before the court may conclude that undue hardship has been shown, an issue not previously raised.
The defendant served an answer in which he raised the defense of lack of personal jurisdiction due to improper service of the summons and complaint. The defendant moved to dismiss on that ground, and a traverse hearing was scheduled. The hearing has not yet been held. The plaintiff now moves to “strike” the defendant’s prior motion to dismiss, which is essentially a motion for reargument. The plaintiff points out, and the defendant concedes, that the defendant’s original motion was made more than 60 days after the service of the defendant’s answer. Thus, the defendant had already waived the defense of improper service at the time the motion to dismiss was made, by operation of CPLR 3211 (e) (see, Wade v Byung Yang Kim, 250 AD2d 323).
The defendant cross-moves for summary judgment and for a nunc pro tunc extension of the time within which to move for dismissal. As noted, CPLR 3211 (e) gives the court the authority to extend the time to move, upon a finding of undue hardship. The defendant assigns as justification for the extension that the dismissal motion was late by only four days, that the plaintiff has not been prejudiced, and that the alleged service was never made.
In amending CPLR 3211 (e) to require dismissal motions within 60 days of the service of answers asserting jurisdictional defenses based on improper service, the Legislature intended to compel defendants with such defenses to deal with them promptly, thereby winnowing out those with meritless objections and resolving service disputes at the outset of litigation (Wade v Byung Yang Kim, 250 AD2d 323, supra). Defendants subject to the requirement have obviously received notice of the action through some means, and have chosen to appear and assert the defense, rather than default. It is therefore appropriate to place the burden upon them to press the defense by moving for judgment.
The time requirement is not unyielding, and the court has explicit authority to extend the time for the motion. An exten *951 sion is not to be had for the asking, however. The standard set by the Legislature for an extension of time is not merely “for good cause shown,” or “in the interest of justice,” but is instead the more stringent one of “undue hardship” (compare, e.g., CPLR 306-b, 2004, and 3212 [a]). The attention of the court is thus narrowly focused on the existence of obstacles to a timely motion, and not on the over-all circumstances of the action. In the court’s opinion, a showing of “undue hardship” in this context requires proof that the motion could not have been made within the time limited by CPLR 3211 (e) by the exercise of ordinary diligence. That the defendant delayed by only a few days should not be sufficient, and the issue of prejudice to the plaintiff should ordinarily not be relevant. The merits of the motion should also be irrelevant, since the defects in service, however egregious they may have been, did not prevent the defendant from answering the complaint. Further, any delay due to law office failure, while relevant to considerations of “good cause” (Tewari v Tsoutsouras, 75 NY2d 1), should ordinarily be irrelevant here.
The facts in this case point up the difference between the “good cause” or “interest of justice” standards and the stricter “undue hardship” standard. The facts in this case, where the delay was brief and the prejudice to the plaintiff minimal or nonexistent, might well satisfy the lesser criteria. However, the defendant points to no obstacle to the making of the motion. There is no showing of hardship, undue or otherwise. No reason is shown why the motion could not have been made within 60 days of the service of the answer. Therefore, the court concludes that the defense had been waived at the time of the original motion, that no sufficient grounds exist to extend the defendant’s time to move, and that the motion should have been denied. The court’s prior decision scheduling a traverse hearing is therefore recalled and vacated, and the motion to dismiss for lack of personal jurisdiction is denied.
So much of the motion and cross motion as relate to the plaintiff’s attempted re-service of the motion papers is academic.
So much of the cross motion as seeks summary judgment is denied. It is, of course, well settled that on a motion for summary judgment, the court’s function is issue finding rather than issue determination (see, e.g., Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395; Gervasio v Di Napoli, 134 AD2d 235; Assing v United Rubber Supply Co., 126 AD2d 590; Pizzi v Bradlee’s Div. of Stop & Shop, 172 AD2d 504). *952 Further, the court may not weigh the credibility of the affidavits unless it clearly appears that the issues claimed to exist are not genuine, but feigned (Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439; Sillman v Twentieth Century-Fox Film Corp., supra). Here, while the defendant makes a strong showing that the plaintiffs witness must be in error, that showing merely establishes that there is an issue of fact for a jury to resolve. The court is also mindful that this is a death case, where the decedent cannot testify for himself.