OPINION OF THE COURT
Michael S. Alongé, J.
The defendants have brought this motion to dismiss on the grounds that the plaintiff lacks personal jurisdiction over the defendants pursuant to CPLR 3211 (a) (8), but concede that the motion has not been made within 60 days as required by *264 CPLR 3211 (e). The defendants argué that the motion should be granted anyway because of the “undue hardship” clause of CPLR 3211 (e) which became effective January 1, 1997.
The facts of this case are that the parties entered into an advertising contract on March 20, 1998, and Yellow Book contends that $4,195.97 remains unpaid. The defendant, a dentist, now retired and living in Florida, apparently had an office located at 71 Ireland Place, Amityville, New York, until July 6, 1998.
On March 5, 1999, plaintiff’s process server attempted service upon defendants by leaving a copy of the summons with notice at 73 Ireland Place, next door to where defendants maintained an office. The defendants’ answer, dated March 25, 1999, raised the affirmative defense of lack of in personam jurisdiction. A demand for a bill of particulars, dated April 27, 1999, was also served. The plaintiff subsequently replied to the demand and the case was placed on the calendar. The plaintiff did not make a motion to dismiss the affirmative defense. The defendants made this motion on August 13, 1999, well past the 60-day limit set forth in CPLR 3211 (e).
The pertinent language of CPLR 3211 (e) is as follows: “an objection that the summons and complaint, summons with notice, or notice of petition and petition was not properly served, is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship.” (Emphasis supplied.)
Thus, this case requires a definition of “undue hardship” and a determination as to whether the facts and circumstances are sufficient to warrant application of this statute.
The case law is sparse, with few decisions available for guidance. One Appellate Division case discussing the undue hardship amendment to CPLR 3211 (e) is Wade v Byung Yang Kim (250 AD2d 323 [1998]) which dealt with the retroactivity of the statute and held that the starting time for the 60-day notice is January 1, 1997.
However, in Abitol v Schiff (180 Misc 2d 949 [Sup Ct, Queens County 1999]), a fact pattern similar to the case at bar was discussed. In Abitol, the court was called upon to determine the extent of the proof required before the court may conclude that undue hardship has been shown. The reasons asserted by *265 the defendant for “undue hardship” were that the motion to dismiss was only four days late, that the plaintiff was not prejudiced, and that the alleged service was never made.
The court held the purpose of the statute was to compel defendants with such defenses to deal with them promptly, thereby winnowing out those with meritless objections and resolving service disputes at the outset of litigation (citing Wade v Byung Yang Kim, supra). As in this case, the defendants had obviously received notice of the action through some means and chose to appear and assert the defense rather than default. The court held that it was, therefore, appropriate to place the burden upon the defendant to press the defense by moving for judgment.
The standard to be applied in order to show “undue hardship” in this context requires proof that the motion could not have been made within the time limited by CPLR 3211 (e) by the exercise of ordinary diligence.
The defendants’ reply affirmation states that a demand for a bill of particulars was made on April 27, 1999 and an additional demand was made on May 21, 1999. No response was received for the second demand.
The affirmation continues: “The motion to dismiss was not made so that all motions would be made at one time.” When plaintiff noticed the case for trial on August 9, 1999, the defendants “realized no further Bills of Particular would be served and that is why the motion was brought immediately to dismiss this matter.” Further, the defendant states that he is retired and would have to leave his home in Florida to return to New York to defend himself.
Applying the standard of whether the motion could have been made with the exercise of ordinary diligence, this court cannot find that the defendants have carried the burden of proof. There is no extenuating reason why the motion could not have been made within 60 days. A plane trip to New York is certainly not a sufficient hardship to dismiss this case.
There is a significant difference, as the Abitol case (supra) pointed out, between the “good cause” or “interest of justice” standards and the stricter “undue hardship” standard. The delay in this case was more than two months but the prejudice to the plaintiff was minimal or nonexistent. This might be sufficient to satisfy the lesser criteria of “good cause” or “interest of justice” but not that of “undue hardship.” There has been no proof of any obstacle to making the motion, or for that matter, any hardship, undue or otherwise, to making the motion within *266 60 days of the service of the answer.
Therefore, defendants’ motion to dismiss the compliant on the grounds of lack of proper service is denied.