OPINION OF THE COURT
Susan T. Kluewer, J.
Plaintiffs’ motion for summary judgment dismissing defendant’s counterclaim is granted. Defendant’s motion to dismiss the summons and complaint as against John Simoncic is denied. On the court’s own motion, the caption of the action is hereby amended to designate John E. Simoncic as the party defendant.
In 1998, “Jaysons Construction & Interiors, Inc.” made two separate written proposals for two discrete renovation projects at plaintiffs’ home. John Simoncic signed each proposal as the “authorized” signatory for “Jaysons Construction & Interiors, Inc.” Each proposal was accepted by plaintiffs, and work at least began.
In or about January 1999, plaintiffs commenced this breach of contract litigation against “Jaysons Construction & Interiors, Inc.,” the name at the top of each of the accepted proposals. According to the affidavit of service filed with the court, jurisdiction over “Jaysons Construction & Interiors, Inc.” was acquired by delivering the summons and verified complaint to “ ‘Jane Doe’ (Salesperson)” as a person authorized to accept service on behalf of “said corporation.” Entities named “Jaysons Interiors, Inc.” and “Jaysons Construction Inc.” answered, asserting they were “sued herein as Jaysons Construction & Interiors, Inc.” The answer is verified by John E. Simoncic, as president of “defendant.” Alleging that “defendant” furnished home *796 improvement services to plaintiffs, “defendant” interposed a counterclaim for the balance due for those services. No lack of jurisdiction defense was interposed.
On the same day that “defendant” served an answer, plaintiffs, as of right (see, CPLR 1003, 3025), served an amended verified complaint. By it, they unilaterally amended the caption of the action to name “John Simoncic d/b/a Jaysons Construction & Interiors, Inc.” as “defendant.” They issued no supplemental summons (see, CPLR 305, 10Ó3), and served the amended complaint by mail on the attorney who had appeared for “Jaysons Interiors, Inc.” and “Jaysons Construction Inc.”
In their amended complaint, plaintiffs allege that “defendant John Simoncic” is a natural person and that “Jaysons Construction & Interiors, Inc.” is not a corporation. By the answer to the amended complaint, which bears the original caption, the “defendants” admit that “Jaysons Construction & Interiors, Inc.” is not a corporation. They also assert lack of jurisdiction over John Simoncic as an affirmative defense. Via a counterclaim, it is alleged that “Jaysons Interiors, Inc.” has a home improvement license and that it furnished home improvement services to plaintiffs, for which a balance due is claimed. John Simoncic, Jaysons Interiors, Inc., and Jaysons Construction Inc. are the “defendants” who demand relief pursuant to the answer to the amended complaint, which is verified by Mr. Simoncic without his being designated as a corporate official of any corporation. Discovery disputes occupied the parties for the ensuing 18 months. Mr. Simoncic, who made no motion addressed to a lack of personal jurisdiction defense within the time prescribed by statute (see, CPLR 3211 [e]), fully participated in the defense of this litigation.
Plaintiffs now move for summary judgment dismissing the counterclaim on the ground that Mr. Simoncic is not a licensed home improvement contractor, and that he therefore cannot interpose a counterclaim for affirmative relief. They also urge that the entity ostensibly asserting the counterclaim — Jaysons Interiors, Inc. — is not a party to this action. They furthermore submit unrefuted evidence that Jaysons Interiors, Inc., which is claimed to hold a home improvement license, was dissolved by proclamation for failure to pay taxes before the contracts underlying this litigation were made. “Defendant” cross-moves for dismissal of the action as against John Simoncic on the grounds that he is “not a party” and was never properly served. “Defendant” also posits that plaintiffs’ failure to seek judicial permission before changing the caption, adding Mr. Simoncic *797 as a party, and amending the complaint, is a jurisdictional defect mandating dismissal.
Regardless of who or what is the defendant in this action, the counterclaim cannot be maintained. It is well settled that an unlicenced home improvement contractor is precluded from recovering damages, either in contract or in quantum meruit (see, e.g., Ellis v Gold, 204 AD2d 261 [2d Dept 1994], lv denied 84 NY2d 807 [1994]). “Defendants” virtually admit that neither John Simoncic nor “Jaysons Construction Inc.” has a home improvement license. Moreover, it is affirmatively admitted that “Jaysons Construction & Interiors, Inc.” has no license and is not a jural entity. Finally, although Mr. Simoncic posits that he is “in the process of paying all of the back taxes and getting the proper paperwork” regarding “Jaysons Interiors, Inc.,” it is unrefuted that the entity advanced as possessing the home improvement license has been and remains dissolved. Thus, “Jaysons Interiors, Inc.” can neither sue nor be sued (Brandes Meat Corp. v Cromer, 146 AD2d 666 [2d Dept 1989]). Mr. Simoncic’s claim that he explained to plaintiffs at the time of the transactions that what he calls “letterhead” was used for two different companies and that “Jaysons Interiors, Inc.” was “the party entering into the contract and doing the work” is irrelevant. The motion for summary judgment dismissing the counterclaim is thus granted.
 Turning to the cross motion, Mr. Simoncic mentions in passing the lack of proper service upon him, but, to make his motion to dismiss on jurisdictional grounds, he relies primarily on plaintiffs’ failure to seek judicial leave before amending the caption and substituting him as the defendant. Had this case arisen before the 1996 amendment to CPLR 1003 (see, L 1996, ch 39, § 2), Mr. Simoncic would be correct in his jurisdictional assertions (see, Perez v Paramount Communications, 92 NY2d 749, 754 [1999]). But while it would have been the better practice for plaintiffs to issue a supplemental summons with an appropriate caption (see, CPLR 305 [a]; 2101 [a]), because plaintiffs served the amended complaint naming Mr. Simoncic as a party within 20 days of service of the answer to the original complaint, plaintiffs were entitled to proceed as of right (CPLR 1003; see also, Alexander, 1996 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C305:2). Moreover, to the extent that Mr. Simoncic protests because plaintiffs did not take the separate but necessary step of properly serving him with process (see, CPLR 305, 308), Mr. Simoncic was obligated to move for judgment on the affirma *798 tive defense of lack of proper service within 60 days of service of the amended answer (see, CPLR 3211 [e]; see also, Yellow Book Co. v Rose, 182 Misc 2d 263 [Nassau Dist Ct 1999, Alonge, J.]). He did not do so and, instead, actively participated in this litigation, thereby waiving what was originally a jurisdictional defect.
To the extent that Mr. Simoncic posits by implication that the action should be dismissed against him because he is not a proper party, he is mistaken. Although he here claims that “Jaysons Interiors, Inc.” was the party to the contracts on which plaintiffs sue, and apart from the fact that this assertion is belied by the contracts themselves (cf., Business Corporation Law § 301), neither “Jaysons Interiors, Inc.” nor “Jaysons Construction & Interiors, Inc.” existed when the contracts were made. Since an individual who signs an agreement on behalf of a nonexistent principal may himself be held liable on the agreement (Grutman v Katz, 202 AD2d 293 [1st Dept 1994]; Brandes Meat Corp. v Cromer, supra; Florentino Assocs. v Green, 85 AD2d 419 [1st Dept 1982]), Mr. Simoncic, in his individual capacity, is the proper defendant in this litigation for breach of the contracts he signed. The cross motion is thus denied.