■ LATEA STATON, Appellant, v GABRIEL OMWUKEME, Respondent. [715 NYS2d 908] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated October 6, 1999, which, after a hearing to determine the validity of service of process, granted the defendant's motion to vacate a judgment of the same court, dated April 22, 1999, entered upon his default in answering, and dismissed the action.

Ordered that the order is affirmed, with costs.

The plaintiff claims that at a hearing to determine the validity of service, the Supreme Court improperly rejected the process server's corrected affidavit in favor of the defendant's uncorroborated testimony that he and his wife did not reside at the address where service was effected.

At a hearing to determine the validity of service of process, the plaintiff has the burden of proving by a preponderance of the credible evidence that service was properly made (*see, Fosella Bldrs. & Gen. Contrs. v Silver,* 208 AD2d 525). Moreover, the Supreme Court's determination as to the credibility of the witnesses on that issue is entitled to great deference on appeal, and should not be overturned if supported by a fair interpretation of the evidence (*see, Federal Natl. Mtge. Assn. v Roth,* 240 AD2d 466; *Citibank v Freund,* 238 AD2d 299). The Supreme Court's determination that service on the defendant was not effective is amply supported by the record and based on a fair interpretation of the evidence. Further, the plaintiff made no showing that service under all of the other subsections was impracticable in order to permit the expedient service on the defendant's insurance carrier (*see,* CPLR 308 [5]; *Dudley v Kerwick,* 84 AD2d 884).

The plaintiff's remaining contentions are without merit. Friedmann, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.