Aris v McGregor (2004 NY Slip Op 50139(U))

[*1]

Aris v McGregor

2004 NY Slip Op 50139(U)

Decided on March 11, 2004

Supreme Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 11, 2004

Supreme Court, Nassau County
 LOUIS ARIS, Plaintiffs,
against
MEGHAN McGREGOR and CECILIA McGREGOR, Defendants.
INDEX NO: 10659/02

JEFFREY H. SCHWARTZ, ESQ.
Attorney for Plaintiff
225 Broadway, Ste. 605
New York, NY 10007
(212) 964-2160
ROBERT P. TUSA, ESQ.
Attorney for Defendant
1225 Franklin Avenue, Ste. 501
Garden City, NY 11530
(516) 877-5700

DANIEL PALMIERI, J.
This multipart motion raises for consideration issues of relating to the grant of an extension of time for a plaintiff to make service of process pursuant to CPLR § 306-b, whether a plaintiff has a right to add an additional defendant after the grant of such a motion and whether the time for defendant to move to dismiss the complaint for improper service should be extended beyond the 60 day time limit of CPLR § 3211(e).
Plaintiff filed a complaint against defendant, Meghan McGregor on June 26, 2002. However, by April of 2003, plaintiff had not yet effected service on her and was granted leave by this Court based upon an ex parte motion, to serve the defendant no later than August 31, 2003. The original order of the Court contained a typographical error of August 31, 2002, which is now corrected.
Defendant's first application to reargue or renew this motion or to vacate the Court's decision is denied. There is no meritorious defense to the motion to extend the time to make service, see Simonouskaya v. Olivo, 304 AD2d 595 (2d Dept. 2003) and Lee v. Corso, 300 AD2d 385 (2d Dept. 2002) and defendant's claim of not having been given notice of the motion is without merit.
CPLR §306-b, while requiring a motion to extend the time for a plaintiff to make service, [*2]does not require that the motion be served upon an intended defendant who has not yet been served or appeared. Cases dealing with the issue of compliance with CPLR § 306-b appear to arise out of motions to dismiss on statute of limitations grounds see, Leader v. Maroney, Ponzini & Spencer, 97 NY2d 95 (2001) and do not address whether notice of the motion should be served in advance upon the proposed defendant. This Court does not believe that the legislature intended to require service of a motion to extend time to effect service under CPLR § 306-b be made upon the intended defendant and declines to adopt such a rule. To require such notice would lead to a host of new issues that could not have been foreseen by the legislature. Among those are, the address to which the notice of motion should be sent and the manner of service, issues which can only lead to further litigation. Hence, the better method for a challenge is via a motion to dismiss pursuant to CPLR § 3211, which could be predicated upon the grounds of improper granting of an extension of time to make service under the statute.
On or about July 24, 2003, after this Court's decision extending the time to make service on defendant Meghan McGregor, the plaintiff issued a document titled "Amended Summons" and "Verified Complaint" naming Cecilia McGregor as an additional defendant and the complaint was allegedly served upon Cecilia McGregor personally on September 3, 2003. Defendants allege, without contradiction, that this document was never filed with the Clerk of the Court and both Cecilia McGregor and Meghan McGregor have submitted affidavits categorically denying having been served with process.
CPLR § 305(a) provides in substance that a new party may be added pursuant to Court order, stipulation or as of right pursuant to CPLR § 1003 and that the supplemental summons must be filed with the Clerk of the court. Here there was neither a Court order nor a stipulation with regard to adding defendant Cecilia McGregor. CPLR § 1003 states in pertinent part that a party may be added within 20 days after service of the original summons or at any time before the period for responding to that summons expires. Here the amended summons and complaint were served before service of the original filed summons and complaint a procedure neither contemplated nor permitted by CPLR §1003 which permits adding a new party by right, only after the original summons is served. It has been held that failure to comply with CPLR § 1003 constitutes a jurisdictional defect requiring dismissal of the action as to the new defendant. Yadegar v. International Food Market, 306 AD2d 526 (2d Dept. 2003), see also Peterkin v. City of New York, 293 AD 2d 244 (2d Dept. 2003). Since there was a failure to comply with CPLR § 305(a) and CPLR § 1003 and there was no filing of the amended summons and complaint, the addition of defendant Cecilia McGregor is a nullity and as to her, the complaint is dismissed. cf Powell v. Jaysons Construction & Interiors, Inc., 185 Misc. 2d 794 (Dist. Ct. Nassau Cty. 2000).
The defendants interposed an answer on or about October 20, 2003, asserting the defense of improper service. Hence, the time within which to make a motion to dismiss based on improper service, expired on or about December 20, 2003, CPLR § 3211(e). This motion was made by order to show cause signed on January 8, 2004 approximately 19 days after the time to make such an application without leave of Court had expired.
CPLR § 3211(e) permits a Court to extend a defendant's time to move beyond the 60 day period upon the ground of "undue hardship." Here, the grounds for such request is that defendant Meghan McGregor was in the midst of a complicated pregnancy with twins and was [*3]unable to execute the signed affidavit which was ultimately submitted with this motion. However, the affidavit submitted by Meghan McGregor deals only with her claim of improper service and makes no mention of the hardship which allegedly prevented her from moving within the 60 day period following service of her answer. The recitation of hardship is set forth in the affirmation of defendant's attorney which is not based on any personal knowledge, is lacking in any documentory support and which is based in part on heresay statements of the defendant's mother, the codefendant. Moreover, the affirmation fails to particularize how the medical problem inhibited the defendant's ability to execute the affidavit that was submitted. Since the attorney had no actual knowledge and did not submit any documentary evidence, his affirmation is without probative value and should not be considered. Stahl v. Stralberg, 287 AD 613 (2d Dept. 2001), Feratovic v. Lun Wah, Inc., 284 AD2d 368 (2d Dept. 2001). Even if one were to consider the merits of defendant's claim of "undue hardship" the motion fails. The standard for demonstrating undue hardship in the context of extending the time for a defendant to move for dismissal is more rigorous than the standard of "good cause" used elsewhere in the CPLR. McKinneys, CPLR Rule 3211 Supplementary Practice Commentaries by David D. Siegel § C3211:56 2004 pocket part pages 4-5 and 7.
Here the lack of detailed explanation relating the alleged hardship to the facts in this case would not warrant a finding of undue hardship. Yellow Book Co., Inc. v. Rose, 182 Misc 2d 263 (Dist. Ct. Nassau Cty. 1999).
Based on the foregoing that part of defendant's motion which seeks leave to move for an extension of time to make a motion to dismiss based on improper service of process, is denied. Since the request to move is denied it is not necessary for the Court to address the issue of improper service. Amerasia Bank v. Saiko Enterprises, Inc., 263 AD2d 519 (2d Dept. 1999).
This constitutes the Decision and Order of this Court.
E N T E R
DATED: March 11, 2004
HON. DANIEL PALMIERI
Acting J.S.C.
TO:JEFFREY H. SCHWARTZ, ESQ.
Attorney for Plaintiff
225 Broadway, Ste. 605
New York, NY 10007
(212) 964-2160
ROBERT P. TUSA, ESQ.
Attorney for Defendant
[*4]
1225 Franklin Avenue, Ste. 501
Garden City, NY 11530
(516) 877-5700
Decision Date: March 11, 2004