(October 14, 2008)

■ INGRID ALVAREZ et al., Plaintiffs, v EMIL KLEIN et al., Defendants, BARUCH MAPPA et al., Appellants, and ANTONIA C. NOVELLO, Respondent. STATE OF NEW YORK, Nonparty Respondent. [869 NYS2d 538]—In an action, inter alia, for the appointment of a receiver, the defendants Baruch Mappa and Martin Rosenberg appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated May 4, 2007, as, upon granting the application of the defendant Antonia C. Novello, as Commissioner of the New York State Department of Health, in effect, to join this action for trial with a related action entitled *State of New York v Baruch Mappa and Martin Rosenberg,* pending in the same court under index No. 10658/07, permitted the State of New York, as the plaintiff in the related action, to serve the summons and complaint in the related action upon their attorney pursuant to CPLR 308 (5).

Ordered that on the Court's own motion, the notice of appeal from the order is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs.

The respondents failed to establish that service on the appellants pursuant to CPLR 308 (1), (2), and (4) was "impracticable" so as to permit service under CPLR 308 (5) (*see Staton v Omwukeme*, 277 AD2d 443 [2000]; *Smith v Waters*, 232 AD2d 545 [1996]; *Coffey v Russo*, 231 AD2d 546 [1996]; *Porter v Porter*, 227 AD2d 538 [1996]; *Markoff v South Nassau Community Hosp.*, 91 AD2d 1064 [1983], *affd* 61 NY2d 283 [1984]). Accordingly, the Supreme Court improvidently exercised its discretion in permitting service of the summons and complaint in a related action upon the appellants' attorney pursuant to CPLR 308 (5).

The respondents' remaining contention that the appellants waived their objection to service pursuant to CPLR 308 (5), is not properly before this Court and, in any event, is without merit. Lifson, J.P., Ritter, Miller and Balkin, JJ., concur.