OPINION OF THE COURT
Martin M. Solomon, J.
This motion presents the curious question of whether the Second Department caused defendants to suffer an undue hardship by ruling in their favor.
The procedural posture in which this matter arises is unusual. This action is ancillary to a prior action in which a receiver was appointed, pursuant to Social Services Law § 461-f (4), to operate an adult home facility. In this action the State of New York seeks to recoup the receiver’s operating shortfall of $1,266,087.50, plus statutory collection fees of 22% from the alleged former principals and operators of the facility, Mappa and Rosenberg. The State was not a party to the prior action and, thus, the need for a second action.
In connection with the order discharging the receiver in the prior action, dated May 4, 2007, a judge of this court included a provision permitting the State to serve Mappa and Rosenberg, who were defendants in that action, by serving their attorneys in that action with service of process in this action.
*1151 This action was commenced with the filing of the summons and complaint on March 28, 2007. Service of process was made on defendants’ attorneys on May 29, 2007, and on or about July 6, 2007, defendants interposed their answer to the action.
Over 15 months later, by decision dated October 14, 2008, the Second Department reversed the order of May 4, 2007, insofar as it permitted service of process on defendants by service upon their attorneys. (Alvarez v Klein, 55 AD3d 643 [2008].) Fifty-one days later, on December 5, 2008, defendants served the instant motion to dismiss the action pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction over the defendants.
The plaintiff opposes the motion asserting that, pursuant to CPLR 3211 (e), defendants waived the personal jurisdiction defense by not moving within 60 days of service of the answer which asserted it. In the alternative, the State cross-moves for an extension of the 120-day period provided by CPLR 306-b for service of the summons and complaint and for service by alternative means, presumably pursuant to CPLR 308 (5), which, parenthetically, is where this action began to go astray.
Defendants assert that they may be relieved of the waiver of the objection to personal jurisdiction contained in CPLR 3211 (e) if “the court extends the time upon the ground of undue hardship.” Viewed one way, the defendants claim that winning the appeal of the order of May 4, 2007 visited an undue hardship upon them. More properly, it was the order of May 4, 2007 which created the hardship and the decision of the Second Department simply removed it.
There is little reported case law on extensions of time for motions under CPLR 3211 (a) (8). This court found 15 cases. In none of these were the defendants successful in obtaining the extension which permitted them to proceed with an untimely motion.
Effective January 1, 1997, the provision at issue changed existing law. Prior to the amendment, an answer containing the affirmative defense of defective service of process was a potential trap for an unwary plaintiff. Defendants had no incentive to move the defense forward until after the running of the statute of limitations. Unless a plaintiff moved for summary judgment dismissing the defense, the plaintiff could not be sure if the defense was bona fide or mere boiler plate in the answer. Wiser plaintiffs proceeded with largely unnecessary motion practice; unwary plaintiffs occasionally found they would never have an opportunity to have the merits of their claims determined.
*1152 In reviewing the retroactive nature of the statute, the Second Department found, in language with some relevance to defendants’ motion:
“The purpose of the subject amendment to CPLR 3211 (e) was ‘to require a party with a genuine objection to service to deal with the issue promptly and at the outset of the action . . . ferret out unjustified objections and . . . provide for prompt resolution of those that have merit’ (Senate Mem in support of L 1996, ch 501, 1996 McKinney’s Session Laws of NY, at 2443). Accordingly, it is clear that this amendment to CPLR 3211 (e) is procedural in nature. However, to hold this amendment to CPLR 3211 (e) applicable to all pending actions without any limitation would be ‘unfair’ since it would trigger the ‘waiver on objections put into place long ago in conformity with all existing procedural requirements’ (Siegel, 1997 Supp Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:56, 1998 Pocket Part, at 4). Accordingly, to avoid injustice, we hold that the subject amendment to CPLR 3211 (e) is retroactive but the starting time of the requisite 60-day period in pending actions is deemed to be January 1, 1997, the amendment’s effective date (accord, Fleet Bank v Riese, 247 AD2d 276).” (Wade v Byung Yang Kim, 250 AD2d 323, 325-326 [1998].)
While there are numerous cases in a variety of contexts that make reference to an undue hardship standard, there are few attempts to define it. Only two cases do so in the context of an untimely CPLR 3211 (a) (8) motion.
In Abitol v Schiff (180 Misc 2d 949 [1999]), the court thoughtfully differentiated the standard that applies to defendants’ motion for an extension of time for service of the motion to dismiss and the one that applies to plaintiffs cross motion for an extension of time to serve the complaint.
“The time requirement is not unyielding, and the court has explicit authority to extend the time for the motion. An extension is not to be had for the asking, however. The standard set by the Legislature for an extension of time is not merely ‘for good cause shown,’ or ‘in the interest of justice,’ but is instead the more stringent one of ‘undue hardship’ (compare, e.g., CPLR 306-b, 2004, and 3212 [a]). The at *1153 tention of the court is thus narrowly focused on the existence of obstacles to a timely motion, and not on the over-all circumstances of the action. In the court’s opinion, a showing of ‘undue hardship’ in this context requires proof that the motion could not have been made within the time limited by CPLR 3211 (e) by the exercise of ordinary diligence. That the defendant delayed by only a few days should not be sufficient, and the issue of prejudice to the plaintiff should ordinarily not be relevant. The merits of the motion should also be irrelevant, since the defects in service, however egregious they may have been, did not prevent the defendant from answering the complaint. Further, any delay due to law office failure, while relevant to considerations of ‘good cause’ (Tewari v Tsoutsouras, 75 NY2d 1), should ordinarily be irrelevant here.” (Id. at 950-951.)
A District Court of Nassau County decision (Yellow Book Co. v Rose, 182 Misc 2d 263 [1999]) sets forth essentially the same standard, that the motion could not have been timely made with reasonable diligence. This court finds that the appropriate measure of the undue hardship standard contained in CPLR 3211 (e) to warrant an extension of time for making the motion to dismiss for lack of personal jurisdiction is that the motion could not have been made with the exercise of ordinary or reasonable diligence.
Defendants assert that until the Second Department reversed the prior order permitting service of process on their attorneys, they could not proceed with the motion challenging personal jurisdiction. Plaintiff asserts that this is not entirely true and that defendants could have proceeded with the motion, just not successfully.
This court would have to give deference to the prior order of a justice of this court, even if it did not agree with it. In an apparent concession to this, plaintiff suggests an unorthodox and doubtful procedure that would compel defendants to make the motion timely and then ask the court to hold the motion in abeyance pending the appeal. While the circumstances of the case and 20/20 hindsight may make this request seem reasonable now, one can only speculate as to how willing any court would be to carry an open motion for some undetermined, lengthy period while the appeal was pending (in this case about a year) or how plaintiff would have responded had defendants made such an application.
*1154 One thing is clear however: at the time the motion would have had to have been made, there would be no basis in law or fact to proceed with it. Thus, in order to preserve their objections to service, defendants would have had to proceed with a significant risk that the motion could be viewed as frivolous and subject to 22 NYCRR part 130 sanctions.
A second way to preserve the challenge is to simply default in this action and proceed with the appeal of the order of May 4, 2007. Under the circumstances of this matter, this procedure would have been successful; however, the dangers inherent in this are too manifest to need further discussion.
Neither side has addressed the fact that there may be a very fundamental issue lurking within defendants’ motion which could affect the enforceability of any judgment. While perhaps best left for a civil procedure course final exam, a short digression is worthwhile.
It is axiomatic that actual notice is no substitute for service of process and that service of process is what empowers the court with authority over individuals. “Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court (see, Feinstein v Bergner, 48 NY2d 234, 241; McDonald v Ames Supply Co., 22 NY2d 111, 115, supra).” (Macchia v Russo, 67 NY2d 592, 595 [1986].)
“[S]ervice of process . . . implicates due process requirements of notice and opportunity to be heard (see, Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314; Matter of Beckman v Greentree Sec., 87 NY2d 566, 570; Dobkin v Chapman, 21 NY2d 490, 501).” (Keane v Kamin, 94 NY2d 263, 265 [1999].) Due process is satisfied by adequate notice and an opportunity to be heard. (Matter of Beckman v Greentree Sec., 87 NY2d 566, 570 [1996].) Improper service, in and of itself, is not a due process issue, as actual notice without proper service is discussed as a failure to satisfy the statute. (See e.g. David v Total Identity Corp., 50 AD3d 1484 [2008]; Matter of H. v M., 47 AD3d 629 [2008]; Hartloff v Hartloff, 296 AD2d 849 [2002]; Hillary v Grace, 213 AD2d 450 [1995]; Marine Midland Realty Credit Corp. v Welbilt Corp., 145 AD2d 84 [1989].)
In the instant matter, defendants clearly had notice and joined issue, so the issue does not rest on defendants’ due process rights but on the jurisdiction of the court over the defendants. The court’s jurisdiction over defendants, the power to enforce its writs, is more fundamental and ancient than due process. In fact, due process protections were developed as a check upon that power.
*1155 To the extent that service of process retains its viability as a condition precedent that empowers the court and triggers the full range of due process protections, the reversal of the May 4, 2007 order had a profound effect on this action. Under prior law, the case would have never been properly commenced and the court’s jurisdiction over the defendants would be terminated. In a case cited by the Second Department in its decision, the Court of Appeals held:
“When the ex parte order authorizing the alternative method of service was vacated here, the service made in March, 1981 was nullified (see Erickson v Macy, 236 NY 412, 414-415, supra). Plaintiff never made a proper service until after the pertinent Statutes of Limitations had run. Consequently, the prior action was never timely commenced and she is barred from taking advantage of CPLR 205 (subd [a]).” (Markoff v South Nassau Community Hosp., 61 NY2d 283, 289 [1984].)
The CPLR has been changed substantially since the Court of Appeals decision in Markoff. Actions are now commenced by filing and service must follow in accordance with CPLR 306-b. The amendment of CPLR 3211 (e) now provides that the defense of lack of personal jurisdiction may be waived even when service is entirely deficient.
Neither party has developed the waiver issue in any depth and it is beyond the scope of this decision. It is clear that defendants’ waiver was not entirely voluntary and that they always intended to challenge service under the May 4, 2007 order. Unlike the vast majority of applications for court-fashioned service pursuant to CPLR 308 (5) which are made ex parte, the defendants had notice of the service provision in the May 4, 2007 order. Defendants opposed the inclusion of the service provision in the order by letter to the court and submitted a counterorder. Having lost on the issue, they appealed.
Under the circumstances of this case, it is clear that defendants intended to challenge service of process and that the waiver was not voluntary. If the statutory waiver is found to be ineffective, then this court lacks jurisdiction over the defendants. The defect could remain in the case until some distant date when an appellate court uncovers it and may even leave any judgment in this case subject to a collateral attack.
It is not necessary for this court to reach these issues, however, because the court finds that ordinary diligence does *1156 not compel the defendants to make a baseless motion and hazard a sanction hearing in order to preserve their rights under CPLR 3211 (e). This court finds that ordinary or reasonable diligence only required defendants to oppose the relief in the May 4, 2007 order, appeal the order, and, analogizing from the decision of the Second Department in Wade v Byung Yang Kim (supra), which afforded defendants 60 days from the effective date of the amendment to make the motion, file the motion within 60 days of the order of the Second Department. Defendants have established the grounds for an extension of time for making the motion pursuant to CPLR 3211 (a) (8).
For the foregoing reasons, the court finds that service of process on the defendants was nullified by the decision of the Second Department, which reversed the order of May 4, 2007, and that service of process was not properly effected on the defendants.
Turning to the plaintiffs cross motion for an additional 120 days to serve the defendants, CPLR 306-b permits the court to grant such extensions “upon good cause shown or in the interest of justice.” Defendants oppose this relief, asserting that, in the first instance, plaintiff created the defect in service by including it in the May 4, 2007 proposed order without a sufficient basis for court-fashioned service, that the plaintiff has failed to make diligent efforts to serve the defendants, and that defendants will suffer prejudice because time and age will have fogged their memories of the events at issue.
There are a good many reported cases on requests for extension of time to make service under CPLR 306-b, with mixed results for plaintiffs. The “good cause shown” standard, almost of necessity, requires a showing of reasonable efforts to serve the defendants during the initial 120-day period.
Defendants are correct in asserting that plaintiff failed to establish that service could not have been made with reasonable efforts. This is what the Second Department found in the decision of October 14, 2008. Plaintiff has submitted little more than what was available at the time of the May 4, 2007 order, except to add that recent undefined Internet searches were inconclusive as to defendants’ current addresses.
Plaintiff’s inability to show reasonable efforts to serve the defendants is not fatal to the cross motion. It has long been recognized that CPLR 306-b is phrased in the disjunctive and the interest of justice standard does not require the plaintiff to make a showing of reasonable efforts to serve the defendants to obtain an extension of time.
*1157 “[U]nder the interest of justice standard, a showing of reasonable diligence in attempting to effect service is not a ‘gatekeeper.’ It is simply one of many relevant factors to be considered by the court.” (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104 [2001].)
“The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiffs request for the extension of time, and prejudice to defendant.” (Id. at 105-106.)
Two of the companion cases before the court and decided by the Court of Appeals in Leader have similarities to the instant matter. Those two actions were both commenced not long after the amendment to CPLR 306-b and both involved filings of second complaints after the initial complaints were not served. Under the old statute, the initial complaints were deemed automatically dismissed. Under the amended statute they were not.
In both cases, the second complaints were served but were then dismissed because of the still pending prior, unserved actions. In both cases, there were no reasonable efforts to effect service of the initial complaints. The issue then became whether it was proper for the court to extend the time for service of the initial complaints pursuant to CPLR 306-b and the Court of Appeals found, in both cases, that it was appropriate under the interest of justice standard.
The failure to properly serve or make any serious effort to serve the defendants with the initial actions in those cases and the errors of proceeding under the erroneously filed but properly served second actions were excusable in the interest of justice. Similarly, in the instant action, plaintiff proceeded with the action based on proper service pursuant to the erroneous order of May 4, 2007.
In the instant action, plaintiff initially made some timely efforts to locate and serve the defendants. Defendants had actual *1158 notice of the request pursuant to CPLR 308 (5) for court-fashioned service and had actual notice of this action.
As previously noted, this action arises out of a prior action. The instant action seeks to assess statutory liability under the Social Services Law upon the defendants as former operators of an adult care facility for payments made by the State to cover shortfalls incurred by a court-appointed receiver in the prior action. The defendants in this action were also defendants in the prior action. They may or may not have the opportunity to re-litigate every issue in this action. This goes to both the merits of the action and the claims of prejudice resulting from the lapse of time.
The assertions of prejudice to the defendants are not supported by any evidence that the passing of time has had a greater effect on them than it has on any witness. The attorneys’ affirmation is insufficient to establish the underlying facts regarding defendants’ advanced age. (Zuckerman v City of New York, 49 NY2d 557, 562 [1980].)
Even were this court to accept these assertions, it is not every octogenarian who suffers from memory loss, and defendants have failed to submit evidence that the delay of the action has resulted in prejudicing their ability to defend themselves on the merits.
It is important to note that defendants’ motion to dismiss the action is not based on untimely service, but on timely service which became defective only when the May 4, 2007 order was held to be erroneous. This is an important distinction as one factor often cited for denial of CPLR 306-b motions has been the fact that plaintiff did not move for an extension until after the defendant had moved to dismiss for untimely service. (See e.g. Garcia v Simonovsky, 62 AD3d 655 [2d Dept 2009]; Shelkowitz v Rainess, 57 AD3d 337 [2008]; Okoh v Bunis, 48 AD3d 357 [2008]; Valentin v Zaltsman, 39 AD3d 852 [2007].)
It cannot be said that plaintiff unduly delayed in seeking an extension of time under CPLR 306-b. The decision of the Appellate Division is dated October 14, 2008. The motion was served on December 5, 2008. Seventeen days later, on December 22, the plaintiff served the cross motion seeking, inter alia, the extension of time.
If one considers the May 4, 2007 order to have acted somewhat as a toll on the running of the 120-day time period, then plaintiff is charged with only 106 days of delay: the 37-day pe *1159 riod from the filing of the summons and complaint on March 28 to the order of May 4, and the 69-day period from the reversal on October 14 to the service of the cross motion on December 22.
Neither party has argued or briefed the statute of limitations issue. It appears that the action is governed by the three-year statute of limitations contained in CPLR 214 (2) as it is “an action to recover upon a liability, penalty or forfeiture created or imposed by statute.” The statute at issue is Social Services Law § 461-f (5) (b) and it is likely that the cause of action accrued at the time the commissioner made the payments to the receiver pursuant to Social Services Law § 461-f (5) (a). The dates of those payments are not included among the submissions on the motion; however, on oral arguments of the motion, counsel represented that there was a statute of limitations problem for plaintiff should the action be dismissed.
For all of the foregoing reasons, the court finds that the interest of justice is served by granting the plaintiff a 120-day extension to effect service upon the defendants in the action.
Finally, the cross motion by the plaintiff for an order pursuant to CPLR 308 (5) to permit service of process on defendants’ attorneys must be denied as premature. Plaintiff may renew the application should service of process prove presently impracticable under one of the first four subdivisions of CPLR 308.
Plaintiff is cautioned that in the event it seeks to proceed with a request for court-fashioned service, the application must be made on sworn statements attesting on personal knowledge to the specific efforts undertaken to locate and serve the defendants. A review of the cases cited by the Appellate Division in reversing the May 4, 2007 order might prove helpful.
In conclusion, defendants’ motion to dismiss the action pursuant to CPLR 3211 (a) (8) is granted to the extent that the court finds that service was not properly made upon the defendants. Plaintiffs cross motion pursuant to CPLR 306-b for a 120-day extension of time to serve the defendants is granted and plaintiffs time to serve the defendants is hereby extended for 120 days from the date of entry of this decision and order. Plaintiffs cross motion pursuant to CPLR 308 (5) for an order permitting service of process by service upon defendants’ attorneys is denied without prejudice to renew.